419 So.2d 878 (1982)
Raymond J. HEBERT
v.
COURNOYER OLDSMOBILE-CADILLAC GMC, INC., et al.
Raymond J. HEBERT
v.
COURNOYER-OLDSMOBILE-CADILLAC GMC, INC., et al.
Nos. 81-C-3097, 81-C-3136.
Supreme Court of Louisiana.
September 7, 1982.
Rehearing Denied October 15, 1982.
*879 Jack M. Alltmont, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for applicant in No. 81-C-3097 and respondents in No. 81-C-3136.
Gordon Hackman, Boutte, New Orleans, for respondents.
Stephen N. Elliott, Bernard, Cassisa, Babst & Saportio, Metairie, for respondent, in No. 81-C-3097 and applicant in No. 81-C-3136.
Glenn B. Adams, Lloyd T. Bourgeois, Porteous, Toledano, Hainkel & Johnson, New Orleans, for intervenor.
LEMMON, Justice.
Is a cause of action in redhibition and tort, against the manufacturer and the seller of an automobile, prescribed when the plaintiff dismisses a timely suit without prejudice on the day of trial, on joint motion of all parties, and then refiles the same suit two weeks later, at a time far beyond the anniversary date of the occurrence which gave rise to the cause of action?
On September 9, 1976, plaintiff's 1976 Oldsmobile caught fire and burned, destroying the car and damaging plaintiff's home. Within three months plaintiff filed suit against the manufacturer and the seller of the vehicle.
On the date set for trial, March 12, 1979, the trial court granted defendants' motion to exclude testimony by plaintiff's expert on the ground that plaintiff, only a few days earlier, had notified defendants for the first time of his intent to present an expert witness, after denying in answers to interrogatories that he would use expert testimony. Plaintiff then moved for a continuance, which was denied. After discussion with the court and opposing counsel, plaintiff's attorney announced a joint motion to dismiss the suit without prejudice, and the court granted the motion.
When plaintiff, two weeks later, filed a new suit asserting the same demand, defendants pleaded prescription, and the trial court maintained the exception. The court of appeal reversed, holding that C.C. Art. 3519 was not applicable and distinguishing the dismissal on joint motion of all parties in this case from the voluntary dismissal by plaintiff. 405 So.2d 359. We granted certiorari. 410 So.2d 1129.
C.C. Art. 3519 provides:
"If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened."
Thus, when a plaintiff files suit, thereby interrupting prescription, and later abandons, voluntarily dismisses, or fails to prosecute the suit at trial, the law regards the interruption by the original demand as never having occurred.
The original article in the Civil Code of 1879 provided for applicability only when the plaintiff "abandons or discontinues" the suit. In 1898, the article was amended to add a second paragraph, which provided that the suit was considered as abandoned whenever the plaintiff allowed five years to elapse without taking any steps in the prosecution. In 1954, the article was again *880 amended to add a third paragraph, which in effect applied the five-year nonprescription provision to appeals.
A 1960 amendment deleted the second and third paragraphs and transferred the nonprescription provisions to the Code of Civil Procedure. See C.C.P. Art. 561. The amendment also added "voluntarily dismisses" as a situation in which the article applied.
Defendants contend that one purpose of the 1960 addition of the phrase "voluntarily dismisses" was to prevent a plaintiff, whose motion for continuance had been denied, from effectively overruling the denial and obtaining the same result by a voluntary dismissal, unless that dismissal occurs before prescription accrues on the original cause of action. Defendants argue that plaintiff in this case attempted to circumvent the trial court's ruling on his motion for continuance (as well as the ruling on the use of expert witnesses) by voluntarily dismissing the suit on the day of trial.
Because the voluntary dismissal occurred after defendants' answer, the trial court was vested with discretion to dismiss the suit with or without prejudice. C.C.P. Art. 1671. Therefore, when plaintiff moved to dismiss the suit without prejudice, defendants could have objected, and the trial court could have prevented circumvention of its denial of the continuance by refusing to grant the motion unless the dismissal was with prejudice.[1] Defendants did not object to the motion to dismiss without prejudice, but on the contrary joined in the motion. Moreover, the trial court did not exercise its discretion to grant the dismissal only with prejudice, but granted the qualified dismissal based on the joint motion.
It is therefore evident that the plaintiff, the defendants, and the trial judge all contemplated that the suit would be refiled. Plaintiff apparently also contemplated that he would be permitted to use an expert when the new suit was filed, because there was otherwise no reason for plaintiff not to proceed without an expert on the originally scheduled trial date. Thus, plaintiff was lulled by defendants' joining in the motion into reasonably believing that defendants had tacitly agreed not to raise any objections to the anticipated new suit. Lulling bears on the determination of the voluntariness of plaintiff's dismissal. Lulling, whether deliberate or not, clearly occurred, because of the unexplainable inconsistency of the defendants' objection to the use of an expert in the original trial and their subsequent consent to the dismissal that was not with prejudice.[2]
Because of the lulling, plaintiff gave up his right to proceed to trial without an expert and his right to seek review of the adverse pretrial rulings, rights he presumably would not have forfeited if defendants had not affirmatively joined in the motion. Plaintiff gave up these rights to his detriment, since he can no longer proceed to trial without an expert in the (now dismissed) original suit or seek review of the adverse pretrial rulings in that suit.
We do not, however, choose to decide that case on theories of estoppel or lulling or on some other equitable basis. We do use the reasoning outlined above to reach an interpretation of C.C.P. Art. 3519. We accordingly conclude that Article 3519's *881 provision (regarding the effect of the plaintiff's voluntary dismissal of a demand on that demand's interruption of prescription) applies only to a voluntary dismissal prior to a general appearance by the defendants. Only before the defendants' general appearance does the plaintiff have the unqualified right of voluntary dismissal (and only then can plaintiff use dismissal as a procedural tool for such objectionable practices as "forum shopping"). After the defendants' general appearance, there are other codal provisions available to the defendants and the trial court for preventing the use of a voluntary dismissal to circumvent the denial of a continuance.
Because the voluntary dismissal in this case occurred after defendants' general appearance, at which time defendants could have objected to, and the trial court could have denied, a dismissal without prejudice, we hold that C.C.Art. 3519 does not apply.
The judgment of the court of appeal is affirmed.
DIXON, C. J., concurs.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
BLANCHE, J., dissents and will assign reasons.
MARCUS, Justice (dissenting).
Louisiana Civil Code art. 3519 provides as follows:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.
In the instant case, plaintiff voluntarily dismissed his suit at the trial. Thus, the filing of the original suit did not constitute an interruption, resulting in the proper exception of prescription in the second suit. Adams v. Aetna Casualty and Surety Co., 252 La. 798, 214 So.2d 148 (La.1968); Guillory v. Prairie Construction Co., 234 So.2d 486 (La.App.3d Cir. 1970).
I respectfully dissent.
DENNIS, Justice, dissenting.
I respectfully dissent.
I do not believe it is evident from the record that the defendants intended to "lull" the plaintiff into dismissing his suit; nor should it make any difference under what are clear provisions of law. Despite the majority's protestation to the contrary, its decision is ultimately based on equitable estoppel notions instead of the code.
NOTES
[1] At that point plaintiff would have been faced with choosing between dismissal with prejudice (which has the effect of res judicata as to a subsequent suit) or proceeding to trial without an expert (and preserving his right to seek review of the trial court's ruling on the expert witness and the continuance, either by supervisory writs or by appeal in the event of an adverse judgment).
[2] Because defendants filed an alternative motion to exclude the expert or to continue the trial, plaintiff could have reasonably surmised that defendants' preliminary concern was to prevent use of an expert witness without an adequate opportunity for discovery and preparation of rebuttal evidence. Another possible explanation for defendants' inconsistent positions was that defendants could have believed C.C. Art. 3519 barred a subsequent suit on account of prescription (and thus the dismissal without prejudice had the same effect as a dismissal with prejudice), while plaintiff was either unaware of Article 3519 or did not believe that the article effectively barred a subsequent suit by prescription.