WILLIAMS, Judge.
This is an appeal from a decision of the trial court maintaining defendants’ exceptions of prescription and denying plaintiff’s motion for summary judgment.
Plaintiff Belle Plaisance filed suit against a number of parties for injuries that she received as a result of a slip and fall that occurred on January 14, 1982. The matter was set for trial and continued several times. Finally, it was set for trial and referred to the Commissioner. Counsel for plaintiff then contacted attorneys for the other parties and requested that they agree to another continuance. They would not. Plaintiff’s attorney then asked the commissioner ex parte for a continuance, which was denied. The attorney then voluntarily dismissed the action. He filed the same action on June 17, 1985, naming the same defendants. Defendants filed exceptions of prescription, which were maintained by the trial court.
The only issue in this case revolves around the interpretation of Hebert v. Cournoyer Oldsmobile-Cadillac, 419 So.2d 878 (La.1982). In Hebert, the trial court granted a joint motion to dismiss without prejudice and the Supreme Court found that all of the parties as well as the trial judge contemplated plaintiff’s refiling the suit. The court found that plaintiff had been lulled by defendant’s joining in the motion into believing that there would be no objection to the new suit. The court used this reasoning to interpret Article 3519 to apply to voluntary dismissal prior to a general appearance by defendants.
In Hebert, as in this case, the court was faced with an interpretation of Louisiana Civil Code Article 3519, which provides:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.
All of the defendants contend that Hebert is clearly distinguishable from the facts of this case, and that the Supreme Court only allowed counsel to refile in that case because of a possible misunderstanding among the parties, which clearly was not present in this case.
We find this case distinguishable. There was no joint motion of dismissal filed in this case as in Hebert, and there appears to be no evidence that defendants were aware of the motion until after it was granted. In Hebert, the opposing parties could have objected to the dismissal without prejudice. Here, defendants were not aware of the dismissal until it had been granted. .
*738 Voluntary dismissal should not be used to circumvert a decision of the lower court or forum shopping. Because we find Hebert distinguishable, Article 3519 clearly applies, and plaintiff’s action has prescribed.
AFFIRMED.