579 So.2d 1113 (1991)
Ella R. HENDERSON, Plaintiff-Appellant,
v.
Donald E. MESHELL and Vandegar Insurance Company, Defendants-Appellees.
No. 22366-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
Jones & Ford by Brenda F. Ford, Shreveport, for plaintiff-appellant Ella R. Henderson.
Edward O. Kernaghan, Shreveport, for defendants-appellees, Donald E. Meshell and Insured Lloyds Ins. Co.
Before MARVIN, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
Plaintiff appeals the district court dismissal of her personal injury lawsuit as untimely. There are no factual issues; the *1114 sole legal issue is whether, under the circumstances, plaintiff's claim against the defendants is prescribed. We affirm.
Plaintiff alleges that on August 5, 1986, she was rear ended by defendant Donald Meshell in an automobile accident near the intersection of Mansfield Road and Williamson Way in Shreveport, Caddo Parish. Plaintiff, a resident of DeSoto Parish, originally filed suit against Meshell and his automobile liability carrier, Insured Lloyds Insurance Company (hereinafter "Insured Lloyds"),[1] in the Eleventh Judicial District Court, DeSoto Parish, on April 16, 1987.
On June 8, 1987, defendants filed an exception of improper venue to plaintiff's DeSoto Parish lawsuit. Plaintiff filed a motion to dismiss that lawsuit, and the district court signed a judgment of dismissal with prejudice on August 28, 1987.
Plaintiff then filed suit against defendants in the First Judicial District Court, Caddo Parish, on September 1, 1987. On March 4, 1988, defendants filed exceptions of prescription and res judicata. Argument on the exceptions took place on March 21, 1988.
While the matter was under advisement, plaintiff requested and was granted an evidentiary hearing regarding actions and communications among the plaintiff, her attorney, and the defendants. The parties stipulated that, at all pertinent times, the plaintiff was represented by counsel, that Insured Lloyds had paid plaintiff's automobile liability carrier, Hanover Insurance Company (Hanover), for the collision and medical payments coverage which Hanover had paid to plaintiff as a result of the accident, and that Insured Lloyds had made a settlement offer to plaintiff through her counsel, an offer which plaintiff rejected.
On April 24, 1990, the district court granted defendants' exception of prescription, concluding in a written opinion that the improperly filed DeSoto lawsuit did not operate to interrupt the running of prescription.
LSA-C.C. Art. 3463[2] provides as follows:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.

(Emphasis ours.)
Louisiana courts have consistently held that the interruption of prescription continues only if the original suit is still pending or viable when the second action or intervention is filed. Hebert v. Cournoyer Olds-Cadillac-GMC, Inc., 419 So.2d 878 (La.1982);[3]Baker v. Wheless Drilling Company, 347 So.2d 51 (La.App. 2d Cir. 1977); Levy v. Stelly, 277 So.2d 194 (La. App. 4th Cir.1973), application denied, 279 So.2d 203 (La.1973); Tug Alamo, Inc. v. Electronic Service, Inc., 275 So.2d 419 (La. App. 4th Cir.1973). In the instant case, plaintiff voluntarily dismissed the original DeSoto Parish suit. When the judgment dismissing that suit was signed and filed on August 28, 1987, the interruption of the running of prescription was considered as never having occurred. Thus, at the time the second suit was filed in Caddo Parish on September 1, *1115 1987, the case was no longer viable nor was the initial suit pending in another court.
Plaintiff argues on appeal that the ongoing negotiations between her and the defendants (through counsel), together with Insured Lloyd's payment of collision and medical payment damages to her insurance company pursuant to their subrogation rights, operated as a tacit acknowledgement of their liability and, therefore, an interruption of prescription. In support, she relies on Flowers v. United States Fidelity and Guaranty Company, 381 So.2d 378 (La.1979). Flowers, however, simply held that tacit acknowledgment by the debtor of an unliquidated claim for damages is sufficient to interrupt prescription. It appears that the principal thrust of the majority opinion was to point out that acknowledgement of an obligation in accordance with LSA-C.C. Art. 3520[4] need not be in a particular form and could be tacit. However, the court specifically pointed out that settlement negotiations are insufficient to interrupt prescription. Settlement negotiations, or even an offer to settle a disputed claim, do not amount to the acknowledgement of an obligation. Farley v. Pat Todd Oil Co., Inc., 544 So.2d 754 (La. App. 3rd Cir.1989), writ denied, 548 So.2d 1230 (La.1989).
In summary, the first lawsuit was timely filed, but in the wrong venue. When it was dismissed prior to the filing of the second lawsuit in Caddo Parish, it was as though it had never been filed. LSA-C.C. Art. 3463; Hebert v. Cournoyer Olds-Cadillac-GMC, Inc., supra. Neither the filing of the first lawsuit (because of plaintiff's voluntary dismissal thereof), nor the Insured Lloyds' payment of damages to Hanover (the plaintiff's insurance company) for plaintiff's collision and medical payments benefits, nor Insured Lloyds' (the defendant's insurance company) settlement offer to plaintiff operated to interrupt the running of prescription against plaintiff's claim.
We therefore conclude that at the time that plaintiff filed her second lawsuit in Caddo Parish, her claim had prescribed; accordingly, we affirm the district court's dismissal of her lawsuit with all costs of this appeal to be paid by plaintiff-appellant.
AFFIRMED.
NOTES
[1] We are unable to discern from the record what relevance Vandegar Insurance Company, named as a defendant in title of petition, has to this case.
[2] This article is based on the former Art. 3519 of the Louisiana Civil Code of 1870. As the comments indicate, the law is unchanged. Comment (c) points out that service of process in an action filed in an incompetent court or court of improper venue has always interrupted prescription as long as the suit is pending.
[3] It should be noted that in Hebert prescription was held not to have been interrupted because the dismissal came after the defendant's answer. Since the answer constituted a general appearance, the court concluded that the plaintiff no longer had the unqualified right of voluntary dismissal at that point. Of course, in the instant case, defendant's appearance was simply for the purpose of urging the venue exception, which does not constitute a general appearance. LSA-C.C.P. Art. 7 C.
[4] Art. 3520 of the Louisiana Civil Code of 1870 reads: "Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."

This article has been replaced by LSA-C.C. Art. 3464, the comments to which indicate that the law is unchanged and specifically refer one to the "excellent discussion" of the interruption of liberative prescription by acknowledgement contained in Flowers.