CIACCIO, Judge.
This is an appeal by the Louisiana Department of Transportation and Development (hereinafter “DOTD”) from a judgment of the trial court sustaining defendants’ exception of prescription. For the stated reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Factual Background

This matter originally arose out of an accident on March 1, 1986 in which Catherine Bradley, an employee of DOTD, was injured when the M/V MISS MALLO WAE, a tugboat, struck the Danzinger bridge where Ms. Bradley was working as a bridge tender. As a result of her injuries, on March 27, 1986 Ms. Bradley began receiving worker’s compensation benefits from the State of Louisiana in the amount of $256.01 per week.
On February 13, 1987, Catherine Bradley filed a petition for damages incurred as a result of this accident, naming as defendants Lakeside Towing Company as the owner of the tugboat and Waterman Steamship Company, the owner of the three barges which were being towed by the M/V MISS MALLO WAE at the time of the accident. Plaintiff subsequently amended her petition to include the bare-boat charterer of the tug, R.L.B. Boat Company, Inc.; Mid-Gulf Transportation Service, Inc., and its employees Larry O’Neal and Alvin Gilliam, the operators of the tug at the time of the accident. Answers were filed by all defendants and the matter was placed on the trial docket. No intervention into this suit was filed by the DOTD, plaintiff’s employer.
On February 2, 1990, plaintiff executed a receipt and release of all claims against defendants in consideration for the sum of $187,500.00 offered in full settlement of the case. The trial court signed an order of dismissal of plaintiff’s lawsuit with prejudice on the same date.
Prior to the dismissal of this lawsuit, on August 11, 1989, Catherine Bradley filed a separate suit in Civil District Court against her employer, the DOTD, entitled “Com *773 pensation for Permanent Total Disability and Penalties.” In her petition, plaintiff alleged that she was permanently disabled as a result of the accident on the bridge, and that her employer had failed to pay her adequate worker’s compensation benefits. The DOTD subsequently answered this suit on December 4, 1989, and during the course of discovery it was learned that plaintiff had filed and eventually compromised her tort suit against the third-party defendants.
On November 5, 1990, the DOTD filed a Reconventional and Third-Party Demand against Bradley and several of the named defendants in the personal injury suit as well as against CIGNA, defendants’ alleged liability insurer. The DOTD claimed that both Bradley and the third party defendants had failed to notify them of the institution of the personal injury suit, and that the settlement of the suit was in contravention of the worker’s compensation statute. The DOTD further claimed reimbursement of all worker’s compensation benefits paid to Bradley.
On February 28, 1991, answer was filed on behalf of the Insurance Company of North America (“INA”) who had been incorrectly referred to as CIGNA in the third party demand. Answers were also filed by the remaining third-party defendants, Mid-Gulf Transportation Services, Inc., Alvin Gilliam and Lakeside Towing Company. This case was subsequently transferred from Division B to Division J, where plaintiff’s personal injury suit was filed.
On September 24, 1991, third-party defendants filed an exception of prescription, arguing that the DOTD’s reconventional and third-party demand was barred by the one-year prescriptive period established by La.C.C. art. 3492, as no intervention had been filed by DOTD in the personal injury suit. The trial court granted this exception and dismissed defendants Lakeside Towing Company, Mid-Gulf Transportation Services, Inc., Alvin Gilliam and INA with prejudice. In his reasons for judgment the trial court stated as follows:
Regarding The Exception of Prescription, this court is of the opinion that only one cause of action existed and the Louisiana Department of Transportation and Development did not intervene in that suit.
The DOTD now appeals from this judgment, and asserts a single assignment of error, that the trial court erred in maintaining defendants’ exception of prescription.

Discussion

The primary issue presented for our review is whether the filing of plaintiff’s personal injury suit interrupted the running of prescription and rendered timely the DOTD’s claim for reimbursement filed on November 5, 1990.
The law is well-settled that in worker’s compensation cases, the claims of both the employee and the compensation insurer/employer against a third-party tortfea-sor are but a single cause of action. The reason for this is where the employer has paid part of the employee’s damages, he is entitled to recover to the extent of those payments as a partial subrogee. Louviere v. Shell Oil Co., 440 So.2d 93, 95 (La.1983). Further, a suit by either the employee or the employer’s compensation insurer interrupts prescription for both as to this single cause of action. Louviere, supra, 440 So.2d at 95, citing National Sur. Corp. v. Standard Ins. Co., 247 La. 905, 175 So.2d 263 (1965).
The prescriptive period for this cause of action is set forth in La.C.C. at 3492, which provides:
Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run from the day injury or damage is sustained.
The injury was sustained by plaintiff in this case on March 1, 1986, and a claim against the tortfeasor must have been filed on or prior to March 1, 1987. Ms. Bradley’s petition for damages which was filed on February 13, 1987 was therefore timely and interrupted the running of prescription against plaintiff’s employer for recovery of worker’s compensation benefits against the tortfeasor. Louviere, supra.
We turn now to the effect of the interruption of prescription by the filing of *774 plaintiffs suit; more particularly, does prescription against the employer begin to run anew from the last day of the interruption?
Once a suit interrupts prescription, that interruption continues during the pendency of the suit. La.C.C. art. 3463. Further, prescription begins to run anew from the last day of the interruption. La. C.C. art. 3466. Louviere, supra.
The DOTD argues that their claim against the tortfeasors/third-party defendants is therefore timely as it was filed within one year from the last day of the interruption of prescription, i.e., February 2, 1990, the date the case was dismissed.
INA, in support of its plea of prescription, points to the last sentence of La.C.C. art. 3463 which provides:
Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
This phrase, formerly art. 3519, constitutes an exception to the general rules regarding interruption of prescription.
INA argues that article 3463 serves to nullify the interruption of prescription effected by the filing of Bradley’s suit because plaintiff settled her case prior to trial and voluntarily dismissed all defendants with prejudice. Defendants contend that based on this article, the interruption of prescription by the filing of plaintiffs suit is deemed to have never occurred, and the DOTD’s claim for reimbursement, filed over four years after the date injury was sustained, is therefore untimely.
However, Louisiana courts have held this article does not negate the interruption of prescription when the plaintiff voluntarily dismisses his case after a general appearance by defendant.
In Hebert v. Cournoyer Oldsmobile Cadillac GMC, Inc., 419 So.2d 878 (La.1982), the trial court granted a joint motion of the parties to dismiss without prejudice on the day of trial, the suit was refiled weeks later, and defendants pled prescription based on La.C.C. art. 3519. The Supreme Court held that La.C.C. art. 3519 (now art. 3463) does not apply after the defendant has made a general appearance, because after the defendant answers, the trial court is vested with the discretion to dismiss the suit with prejudice, citing La. C.C.P. art. 1671. The Court went on to state that only before the defendants’ general appearance does the plaintiff have the unqualified right of voluntary dismissal (and only then can plaintiff use dismissal as a procedural tool for such objectionable practices as “forum shopping”). Hebert, supra, at 881. Thus, the Court concluded that prescription had not run on plaintiff’s second suit.
This interpretation of article 3463 was reaffirmed in Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). In that case the Supreme Court again held that the last sentence of article 3463 does not apply after the defendant has made a general appearance. Further, these cases were followed by Provident Life and Acc. Ins. v. Turner, 582 So.2d 250 (La.App. 1st Cir.1991), where the court held that where defendants made a general appearance prior to the voluntary dismissal of the suit, La.C.C. art. 3463 did not negate the interruption of prescription.
In both Roger and Provident Life, just as in the instant case, a settlement was reached by the parties prior to trial and the suit was dismissed with prejudice. In each of these cases, the court held that prescription began to run anew from the date the lawsuits were dismissed.
We find the holdings in Hebert and Roger to be controlling, and conclude that article 3463 does not apply to negate the interruption of prescription effected by the Bradley suit where each of the defendants in that case had made a general appearance. Consequently, we find that prescription began to run anew from the date of the dismissal of the Bradley suit, February 2, 1990. The DOTD’s suit, which was filed on November 5, 1990 is therefore timely, and defendants’ exception of prescription was improvidently granted by the trial court.
Accordingly, for the above and forgoing reasons, the judgment of the trial court *775 maintaining the exception of prescription as to Lakeside Towing Company, Mid-Gulf Transportation Services, Inc., Alvin Gilliam and the Insurance Company of America is hereby reversed. This case is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed against appellees.
REVERSED AND REMANDED.