liWOODARD, Judge.
This is a workers’ compensation case in which the issue on appeal is whether the trial court properly granted the defendant’s peremptory exception of prescription regarding plaintiffs claim.
FACTS
On June 17, 1992, plaintiff, Ivory Batiste, who was employed by defendant, Big D Dirt Service, injured his neck, back, and legs when the loaded dump truck that he was driving overturned during the course and scope of his employment. Big D paid Batiste temporary total disability benefits (TTD) from June 25,1992 until Dr. Clifton W. Shepherd, its orthopedic surgeon, informed it on September 2,1992, when it received information that Batiste had been released to work with no restrictions.
Batiste subsequently brought suit against Big D, requesting that his TTD benefits be reinstated. A trial on the merits was scheduled for October 7, 1993. In the interim, Batiste sought, and was granted permission, to seek examination by an orthopedic surgeon of his choice. He was scheduled to see Dr. John Cobb on October 6, 1993, the day before the trial. On October 5, 1993, Batiste filed a “Motion to |2Continue” the trial because he was unable to obtain Dr. Cobb’s medical reports for the trial. This motion was opposed by Big D, and the hearing officer denied it. The next day, Batiste filed a motion to dismiss the suit voluntarily without prejudice, while reserving the right to re-initiate his claim at a later date. Big D did not object to this motion. The hearing officer dismissed the suit on October 19, 1993.
On November 3,1993, Batiste filed another suit, the object of this appeal, requesting reinstatement of TTD benefits and medical expenses. Big D filed a peremptory exception of prescription. After a hearing, the hearing officer granted Big D’s exception and dismissed Batiste’s claim with prejudice.
Batiste appeals from that judgment, asserting that the hearing officer erred in sustaining Big D’s peremptory exception of prescription.
LAW
When weekly benefits, other than supplemental earnings benefits have been paid for a work related injury, the prescriptive period for filing a claim for reinstatement of benefits is one year from the date of the last payment of benefits. La.R.S. 23:1209(A). In the ease sub judice, Batiste’s first suit, filed on November 10,1992, was clearly filed within the prescriptive period that began to run on September 2, 1992, when TTD benefits were terminated. His suit was filed in a court of competent jurisdiction and venue, and, as such, prescription was interrupted. La.Civ.Code art. 3463. However, Batiste voluntarily dismissed his suit without prejudice on October 19, 1993. “Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.” La.Civ. Code art. 3463. Big D argues that since Batiste voluntarily dismissed his suit, prescription was never interrupted, therefore, when Batiste filed his new suit on November 3, 1993, his claim had prescribed because more than one year had elapsed since September 2, 1992. Batiste, on the other hand, asserts that Article 3463 does not apply to this case because of recent supreme court cases interpreting it.
In Hebert v. Cournoyer Oldsmobile Cadillac GMC, Inc., 419 So.2d 878, 880-881 (La.1982), the supreme court stated in pertinent part that:
We accordingly conclude that Article 3519’s provision (regarding the effect of the plaintiffs voluntarily dismissal of a demand on that demand’s interruption of prescription) applies only to a voluntary *336 dismissal prior to a general appearance by the defendants [emphasis added].
| «This interpretation of La.Civ.Code art. 3519 (now art. 3463) was reaffirmed in Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987), in which the supreme court again found that the last sentence of Article 3463 does not apply after the defendant has made a general appearance.
In the case sub judice, the record indicates that, prior to the dismissal of Batiste’s claim, Big D made a general appearance by filing a pleading and conducting discovery. La.Code Civ.P. art. 7. Therefore, the last sentence of Article 3463 does not apply, and Batiste’s first suit filed on November 10, 1992 effectively interrupted prescription as long as the suit was pending. When he voluntarily dismissed his suit on October 19,1993, prescription began to run anew from that day. La. Civ.Code art. 3466. This second suit, which was filed on November 15, 1993, only fifteen days later, prescription period had begun to run anew, was clearly within the prescription applicable to pursuing workers’ compensation benefits. La.R.S. 23:1209(A).
Thus, we conclude that the hearing officer improvidently granted Big D’s peremptory exception of prescription. See Provident Life And Acc. Ins. v. Turner, 582 So.2d 250 (La.App. 1 Cir.1991); Bradley v. Louisiana Dept. of Trans, and Dev., 613 So.2d 771 (La.App. 4 Cir.1993).
CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is reversed. This case is remanded to the hearing officer for disposition not inconsistent with this opinion. Costs of the appeal are assessed against the defendant, Big D Dirt Service.
REVERSED AND REMANDED.