UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30083
Summary Calendar
_____


FARM CREDIT BANK OF TEXAS,

                         Plaintiff-Counter Defendant-
                         Appellee

                    versus

ASHLAND PLANTATION INCORPORATED;
KENNETH H. KAHOA,

                         Defendants-Counter Claimants-
                         Appellants.

_____

Appeal from the United States District Court for the
            Middle District of Louisiana
                 (92-CV-313-M2)

_____

                    October 1, 1996
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     This appeal stems from a suit to enforce the provisions of a

promissory note and mortgage.    On November 10, 1976, the

appellants, Ashland Plantation, Inc. and Kenneth A. Kahao

(hereinafter Borrowers), executed a promissory note payable to the

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Federal Land Bank of New Orleans. The Federal Land Bank of New Orleans subsequently changed its name to the Federal Land Bank of Jackson. The Federal Land Bank of Jackson was placed in receivership, and the receiver assigned the promissory note to Farm Credit Bank, the appellee in the case at bar.

The Borrowers made payments on the note until July 15, 1985. Less than a year later, on April 18, 1986, Farm Credit Bank[1] filed suit against the Borrowers in Louisiana state court to enforce the note. Borrowers appeared in the state court action and claimed prematurity of suit and requested dismissal without prejudice. Farm Credit Bank later filed its ex parte dismissal of the state court suit on October 27, 1988. The dismissal occurred before any hearing was conducted on Borrower's dismissal request.

Farm Credit Bank thereafter filed a complaint in the district court to obtain a money judgment on the note and proceed to enforce the mortgage securing the note. The district court granted summary judgment in favor of Farm Credit Bank.

It is undisputed that the note is in default. The Borrowers argue that the enforcement of the note is barred by prescription, that the note does not provide for compound interest, and that Farm Credit Bank had failed to comply with the Agricultural Credit Act of 1987 and its corresponding regulations. Finding that the

---

[1] Land Bank, Farm Credit Bank's predecessor in interest, actually filed the suit. However, there is no dispute that Land Bank was the predecessor in interest; thus, only Farm Credit Bank will be referred to in this opinion.

district court properly granted summary judgment, we affirm.

I.   WHETHER ENFORCEMENT OF NOTE IS BARRED BY PRESCRIPTION

It is undisputed that the note in question was subject to a prescriptive period of five years. La.Civ.Code art. 3498 (1992). The prescriptive period may be interrupted by, among other things, the obligee filing suit against the obligor in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. Although such an interruption continues as long as the suit is pending, the interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial. La.Civ.Code art. 3463.

The parties agree that prescriptive period began to run on July 16, 1985. As previously set forth, less than one year later, on April 18, 1986, Farm Credit Bank filed suit against the Borrowers in Louisiana state court, and that suit was dismissed without prejudice. Subsequently, on April 14, 1992, Farm Credit Bank filed suit in federal district court to enforce the note. Accordingly, because the instant suit was filed more than five years after the start of the prescriptive period, the issue is whether the state court suit interrupted prescription.

Relying on Hebert v. Cournoyer Oldsmobile-Cadillac GMC, 419 So.2d 878 (La. 1982), the district court concluded that the prior state court suit had interrupted prescription. In Hebert, the Louisiana Supreme Court explained that "[b]ecause the voluntary dismissal in this case occurred after defendants' general

3

appearance, at which time defendants could have objected to, and the trial court could have denied, a dismissal without prejudice, we hold that C.C.Art. 3519[2] does not apply." Id. at 881 (footnote added). Applying the holding in Hebert, the court below concluded that because the Borrowers had made a general appearance in the state court suit, the filing of that suit interrupted prescription.

The Borrowers do not dispute that they made a general appearance in state court. Nonetheless, the Borrowers contend that the district court's broad reading of Hebert is incorrect. They argue that Hebert is distinguishable from the facts of their case because unlike Hebert, there was no joint motion of dismissal filed in the previous state suit. In support of this argument, the Borrowers cite Plaisance v. Loop, Inc., 499 So.2d 736 (La.App. 4 Cir. 1986). In Plaisance, the Court of Appeal of Louisiana distinguished Hebert because there was no joint motion of dismissal filed in Plaisance. The court explained that in Hebert the opposing parties could have objected to the dismissal but in Plaisance the defendants were not aware of the motion for dismissal until after it had been granted.

Because Plaisance was a decision by the Court of Appeal of Louisiana, to the extent that there is any inconsistency or conflict we must follow the decision of the Louisiana Supreme Court in Hebert. See Lamarque v. Massachusetts Indem. & Life Ins. Co.,

---

[2]  Article 3519 is the predecessor to article 3463, and is identical to the provision at issue in this case.

4

794 F.2d 194, 196 (5th Cir. 1986) (explaining that federal courts presiding over diversity cases must "apply the latest and most authoritative expression of state law applicable to the facts of a case"). Moreover, assuming Plaisance correctly interpreted Hebert, it affords the Borrowers no relief. The Plaisance court distinguished Hebert on the basis that the defendants were not aware of the motion to dismiss and thus had no opportunity to object if they had so desired. However, the Borrowers do not dispute that, in the previous state proceeding, they themselves had claimed prematurity of suit and had moved that the petition be dismissed without prejudice. Therefore, the basis upon which the Louisiana Court of Appeal distinguished Plaisance from Hebert, i.e., the defendants in Plaisance were unable to object to the dismissal, is not present here.

The Borrowers also argue that the language in Hebert "is mere dicta which must be limited to its particular facts." They further argue that "[a] joint dismissal, which means the defendant joins in the dismissal, takes the dismissal out of the mandatory language of the second sentence of Article 3463 which speaks of a dismissal only by plaintiff." We are unpersuaded by the Borrowers' attempt to distinguish the Hebert decision.

In Hebert, the Supreme Court did not rely on the fact that the dismissal had been pursuant to a joint motion of all the parties. The Court expressly based its holding on the fact that because the voluntary dismissal occurred after the defendants' general

5

appearance, the defendants could have objected to a dismissal without prejudice. Further, in <u>Roger v. Estate of Moulton</u>, 513 So.2d 1126, 1133 (La. 1987), the Louisiana Supreme Court explained that <u>Hebert</u> "<u>held</u> La.Civ.Code art. 3519 (now art. 3463) does not apply after the defendant has made a general appearance, because after the defendant answers the trial court is vested with the discretion to dismiss the suit with prejudice." (emphasis added). Accordingly, applying <u>Hebert</u> to the facts of the instant case, because the Borrowers made a general appearance in the state court suit and had themselves requested dismissal without prejudice, article 3463 does not apply. The prescriptive period therefore was interrupted by the suit filed by Farm Credit Bank in state court.[3]

II. WHETHER THE NOTE PROVIDED FOR COMPOUND INTEREST.

The Borrowers argue that the district court erred in

---

[3] Citing <u>Adams v. Aetna Casualty & Surety Company</u>, 214 So.2d 148 (La. 1968), the Borrowers argue that the filing of the state court action on the same note and mortgage did <u>not</u> interrupt the five-year prescription period because the state court action was dismissed <u>ex</u> <u>parte</u> on motion of Farm Credit Bank. The Borrowers contend that in <u>Adams</u>, the Supreme Court of Louisiana "affirmed a dismissal of a second suit because of prescription, holding that the first suit, which was voluntarily dismissed by plaintiff on <u>ex</u> <u>parte</u> motion without prejudice, after defendants had filed various exceptions and thereby entered a general appearance in the first suit, did not interrupt prescription because of the voluntary dismissal and the clear language of Civil Code Article 3519."
Assuming for purposes of this appeal that the Borrowers' contention that the defendants in <u>Adams</u> entered a general appearance is correct, we conclude that the district court properly denied relief based on the subsequent authority of <u>Hebert</u>. <u>See</u> <u>Lamarque v. Massachusetts Indem. & Life Ins. Co.</u>, <u>supra</u>. Moreover, Borrowers' own request for dismissal without prejudice distinguishes <u>Adams</u> from the instant case.

concluding that the terms of the promissory note allowed Farm Credit Bank to compound interest. Contrary to the Borrowers' contention, the note provides for interest upon interest:

> [i]n the event of default of any payment of principal or interest, such payments as are not paid when due shall bear interest from the date of default until paid at the rate of ten (10%) per cent.

Additionally, the second loan treatment application provides that:

> A default in the payment(s) of any principal, interest, or advances made by the Bank on this loan shall cause such defaulted payment(s) to bear interest at the rate in effect during the period of default plus two (2%) percent per annum.

Because the note and second loan application expressly authorize compounding interest, we find this contention without merit.

III. WHETHER THE AGRICULTURAL CREDIT ACT WAS VIOLATED.

The Borrowers argue that the Bank's failure to follow certain procedural requirement of the Agricultural Credit Act constituted an affirmative defense to the Bank's action on the promissory note. We agree with the district court's conclusion that the Borrowers have failed to show that the Farm Credit Bank violated the provisions of the Act. Moreover, assuming the Act was violated, the Borrowers have cited no controlling authority for the proposition that the failure to comply with the procedural provisions of the Agricultural Credit Act constitutes an affirmative defense to the Bank's suit to enforce the promissory note. This claim affords the Borrowers no relief.

For the foregoing reasons, the judgment is AFFIRMED.