LDECUIR, Judge.
These consolidated workers’ compensation suits for medical benefits were brought by several physicians who treated Gabriel Guerra at the Baton Rouge General Medical Center Burn Unit after he was burned at his place of employment. Claims were filed against the Louisiana Workers Compensation Corporation, the insurer of Guerra’s employer. LWCC controverted the claims and filed an exception of prescription, arguing that because the physicians filed their claims two years and two months after Guerra’s accident, their cause of action has prescribed. The trial court granted the exception and the physicians have appealed. We reverse.
Guerra previously filed a claim for compensation and medical benefits against his employer and its insurer, LWCC. The physicians who are plaintiffs herein did not [3intervene, but their bills were included as part of Guerra’s workers compensation claim. That suit was settled prior to trial. The settlement did not provide for the payment of Guerra’s outstanding medical bills which are at issue herein. Therefore, on February 9, 1998, the instant suit was filed — one month after the settlement between Guerra and the defendants and twenty-six months after Guerra’s accident.
The trial judge determined that the physicians’ suit was not timely filed. This conclusion was based on the fact that the physicians had not intervened in Guerra’s suit nor had they filed a separate claim for payment of their outstanding bills within one year of Guerra’s accident. The trial judge ruled that Guerra’s suit did not interrupt prescription on the physicians’ claims. In oral reasons, the trial judge stated:
Since Guerra’s accident, these claimants, the doctors, have had a cause of action and a right of action separate and distinct from Guerra. They simply chose not to exercise that right until after Guerra compromised his claim.
Additionally, these doctors knew of Guerra’s pending 1008 and chose not to intervene to protect their interest. Accordingly, this Court holds that timely filing of a workers’ compensation suit by a worker does not interrupt prescription on a subsequent suit brought by a health care provider for payment of its medical bills.
Additionally, the trial court ruled that because Guerra’s suit was voluntarily dismissed, that suit could not serve to interrupt prescription on any other claim, in accordance with La.Civ.Code art. 3463.
The Workers’ Compensation Act provides that a claim for the recovery of medical expenses can be asserted by a worker or by 'a health care provider. La. R.S. 23:1021 et seq. The worker and the health care provider share a cause of action for the recovery of unpaid medical expenses. La.Civ.Code art. 1790 provides that an obligation is solidary for two or more obligees when it gives each obligee the right to demand the whole performance from a common obligor. Under the worker’s | compensation laws, then, a worker and any unreimbursed health care providers are solidary obligees for the recovery of medical expenses. There is nothing in the law which compels a soli-dary obligee to formally join in a suit filed by another obligee, nor must he assert the shared obligation or cause of action in a separate- suit. See La.Code Civ.P. art. 643. Under the legislative scheme of worker’s compensation, the worker will often be the more likely party to file the claim for medical benefits if he also has other claims, such as for weekly compensation payments, which he does not share *647 with the unreimbursed health care provider.
Louisiana law is clear that when two or more parties share a single cause of action, they are solidary obligees, and suit by one interrupts prescription as to all. See La. Civ.Code art. 1793; Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983); Provident Life & Acc. Ins. v. Turner, 582 So.2d 250 (La.App. 1 Cir.1991). La.Civ.Code art. 3463 provides that interruption of prescription resulting from the filing of suit “is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.” Louisiana courts have consistently held that this provision applies only to a voluntary dismissal prior to a general appearance by the defendants. See Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d 878 (La.1982); Batiste v. Big D Dirt Service, 95-113 (La.App. 3 Cir. 10/4/95); 663 So.2d 334; Bradley v. Louisiana DOTD, 613 So.2d 771 (La.App. 4 Cir.1993); and Provident Life. These cases further explain that where a dismissal has occurred subsequent to a general appearance by the defendants, prescription begins to run anew from the date of the dismissal.
In the instant case, the physicians’ suit was filed one month after Guerra’s suit was voluntarily dismissed as a result of his settlement with his employer and LWCC. The trial court found that because the physicians did not intervene in Guerra’s suit, Land because Guerra’s suit was later dismissed, prescription had run against the physicians’ claim for their un-reimbursed medical bills. These findings are contrary to Louisiana law and must be reversed. The claim for medical expenses was raised in Guerra’s suit and was not resolved in the settlement. Suit was filed within one year of the voluntary dismissal resulting from Guerra’s settlement. Prescription, which ran anew from that date, does not bar the physicians’ claim. The defendants, therefore, remain potentially liable for those expenses when recovery is sought, as here, by other obligees.
Accordingly, we find that prescription on the physicians’ cause of action for medical expenses was interrupted during the pen-dency of Guerra’s suit, and their suit, filed one month after Guerra’s voluntary dismissal upon settlement, was timely. This matter is remanded for further proceedings in accordance with this opinion. Costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED.