TIETJEN, RESPONDENT, *v.* HEBERLEIN, APPELLANT.

(No. 3,873.)

(Submitted March 7, 1918.   Decided March 19, 1918.)

[171 Pac. 928.]

*Statute of Limitations—Actions—Voluntary Discontinuance—New Action—Burden of Proof.*

Actions—Obligation not Founded on Writing—Statute of Limitations.
    1.   An action by an executor to recover from a beneficiary under a will a succession tax required by the laws of another country which plaintiff had paid was upon an obligation not founded on an instrument in writing, and therefore barred by subdivision 3 of section 6447, Revised Codes, because not commenced within three years from the time the tax was paid.
Same—Voluntary Discontinuance—New Action.
    2.   The provision of section 6464, Revised Codes, under which a plaintiff may, after the period of the statute of limitations has run in an action, commence a new one for the same cause as that alleged in the first, if the first was terminated in any other manner than by voluntary discontinuance, *held* to apply to every case wherein there has been a failure to reach a determination of the merits without plaintiff's fault and the period of limitations becomes complete during the pendency of the action.
Same—Voluntary Discontinuance of Prior Action—New Action—Burden of Proof.
    3.   A plaintiff who seeks to avail himself of the benefit of the provision of section 6464, Revised Codes, and bring a new action for the same cause once sued upon by him, but which suit was discontinued and against which the statute of limitations has run, must show affirmatively that the discontinuance of the prior action was

not voluntary on his part, the fact that it was dismissed "without prejudice" being without significance.

[As to commencement of action as interrupting statute of limitations in favor of intervener, see note in Ann. Cas. 1916B, 316.]

*Appeals from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by August Tietjen against Lena Heberlein. From a judgment for plaintiff and an order denying her a new trial, defendant appeals. Reversed.

*Messrs. Wight & Pew,* for Appellant, submitted a brief; *Mr. Chas. E. Pew* argued the cause orally.

*Mr. O. W. McConnell,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover the amount of a succession tax required by the laws of British Columbia. Plaintiff is one of the executors of the last will of William Tietjen, deceased, and the residuary legatee under the will. Defendant is also a beneficiary under the will. Plaintiff alleges that on June 6, 1911, he paid the succession tax as he was required by law to do; that the payment was made for the use and benefit of defendant, and that no part of the tax has been repaid. This action was commenced on July 22, 1914. Among other defenses interposed was the plea of the bar of the statute of limitations. Plaintiff prevailed in the lower court and defendant appealed from the judgment and from an order denying her a new trial.

Discussion of the character of this action is foreclosed by the [1] decision in *Schaeffer* v. *Miller,* 41 Mont. 417, 137 Am. St. Rep. 746, 109 Pac. 970. (See, also, 9 Cyc. 243; 27 Cyc. 833.) The action is upon an obligation not founded upon an instrument in writing, and since it was not commenced within three years from the time the tax was paid, it is barred by subdivision

3, section 6447, Revised Codes, unless some proceeding intervened to toll the statute.

To avoid the defense of the statute of limitations, plaintiff [2] alleged in his reply that in June, 1913, he commenced an action against the defendant to recover upon this same cause of action; that on June 16, 1914, he "dismissed his action without prejudice and thereafter on the 22d day of July, 1914, filed his complaint in this case."

Section 6464, Revised Codes, provides: "If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated *in any other manner than by voluntary discontinuance,* * * * the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or termination." A provision of this character is in the nature of an exception to the general statute of limitations, and is intended to apply to every case wherein an action has been commenced and without plaintiff's fault there has been a failure to reach a determination of the merits and the period of limitations becomes complete during the pendency of such action. (*Coffin* v. *Cottle,* 16 Pick. (33 Mass.) 383; 25 Cyc. 1314.) Since plaintiff seeks to [3] avail himself of the benefit conferred by this statute, it is incumbent upon him to disclose affirmatively that the discontinuance of the prior action was not voluntary. The word "voluntary" is here employed in the ordinary sense of the term, and means: proceeding from the will; produced in or by an act of choice; free; without compulsion. (Webster's International Dictionary.) The use of the terms "without prejudice" is not significant in this connection. The dismissal of the prior action was voluntary or it was not.

The allegation of the reply is that plaintiff dismissed the prior action. The minute entry of the court is: "In this cause, on motion of counsel for plaintiff, the court this day ordered that the above-entitled action be dismissed without prejudice." Neither the allegation of the reply nor the minute entry is sus-

ceptible of two constructions. The dismissal was effected at the instance and request of plaintiff and amounted to a voluntary discontinuance.

Since this action was not commenced within three years after the tax was paid, it was barred by the provisions of section 6447.

The judgment and order are reversed and the cause is remanded to the district court, with directions to enter judgment dismissing the complaint and for defendant's costs.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.