275 So.2d 419 (1973)
TUG ALAMO, INC.
v.
ELECTRONIC SERVICE, INC.
No. 5336.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 1973.
James Funderburk, Stanwood R. Duval, Jr., Duval, Arceneaux & Lewis, Houma, for plaintiff-appellant.
Lawrence J. Duplass, Beard, Blue, Schmitt & Treen, New Orleans, for defendant-appellee.
*420 Before REDMANN, LEMMON and GULOTTA, JJ.
REDMANN, Judge.
Appellant's petition filed December 4, 1970 asserted a redhibition claim which would have prescribed on November 28[1] but for a claimed interruption of prescription by suit filed[2] November 4 in another parish.
Defendant excepted on the ground of prescription, and argues the interruption "never * * * happened", C.C. art. 3519, because on December 9 (five days after the present suit was filed) plaintiff moved and obtained dismissal "without prejudice" of the November 4 suit.[3] Defendant argues that "If the plaintiff * * * voluntarily dismisses, * * * the interruption is considered as never having happened", C.C. art. 3519, and therefore the claim is prescribed.
Levy v. Stelly, 277 So.2d 194 (La.App.1973), appl. for reh. pending, holds as part of its ratio (as another panel of this court had in an earlier phase said obiter, 230 So.2d at 778)[4] that art. 3519 operates prospectively and the question of whether a claim is prescribed must be decided according to the circumstances at the time of its filing (or, if appropriate, service). Thus a suit filed after the first suit is dismissed is filed at a time when the first suit's interruption is considered as never having occurred and therefore prescription has accrued (as in Adams v. Aetna Cas. Co., 1968, 252 La. 798, 214 So.2d 148). But a second suit filed before the first suit is dismissed is filed at a time when the interruption has occurred and therefore prescription has not accrued. And prescription cannot thereafter accrue, since the second suit itself interrupts (and suspends) the running of prescription.
The judgment appealed from is therefore reversed and the exception of prescription is overruled. Costs will await the final outcome.
Reversed.
NOTES
[1] C.C. art. 2534. Baldwin Sales Co. v. Mitchell, 174 La. 1098, 142 So. 700 (1932), holding the prescription period begins to run from the vendor's last repair attempt, is conceded by defendant to be applicable. Plaintiff claims, but did not prove, repair by defendant in January 1970.
[2] The critical date of citation, R.S. 9:5801, does not appear in our record but defendant does not argue that the claim was prescribed prior to citation in the earlier suit.
[3] Plaintiff asserts in argument that an exception to venue had been filed which would have caused dismissal of the November 4 suit. But the record shows neither that the earlier venue was improper nor that exception was there filed. Since C.C. art. 3519 applies where "plaintiff * * * voluntarily dismisses" it does not purport to apply where plaintiff involuntarily dismisses, and it may be (if the argued facts are correct) that plaintiff's dismissal was involuntary. However, it may also be argued that the possibility a venue exception could result in transfer (C.C.P. art. 932) rather than dismissal implies that plaintiff's actual dismissal was not mere acquiescence in the inevitable and was indeed voluntary.
[4] In one sense, that "obiter dictum" was a ruling by the court on the real purpose of that and subsequent state court proceedings, viz. to prevent dismissal of the federal court proceedings as prescribed.