277 So.2d 194 (1973)
Leon LEVY
v.
Gene STELLY and Southern Pacific Railroad Company.
No. 5386.
Court of Appeal of Louisiana, Fourth Circuit.
February 20, 1973.
Rehearing Denied April 18, 1973.
Writ Refused June 21, 1973.
Eugene D. Brierre, Garrett, Carl & Roussel, Clifton S. Carl and James H. Leveque, III, New Orleans, for plaintiff-appellant.
Chaffe, McCall, Phillips, Toler & Sarpy, Jarrell E. Godfrey, Jr., New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and STOULIG, JJ.
LEMMON, Judge.
Plaintiff filed this tort action to recover damages sustained in an automobile accident. He has appealed from a judgment maintaining defendants' exception of prescription.
*195 The parties to this accident have previously been before this court on several occasions.[1] The following dates and events are pertinent in the present action:
1. The accident occurred on January 21, 1967.
2. Plaintiff filed suit in Jefferson Parish on September 27, 1967 (within one year of accident).
3. Plaintiff filed a second suit in the United States District Court on November 22, 1968 (more than one year after accident). This suit is still pending.
4. The first suit was transferred to Orleans Parish, where it was set for trial on the merits on October 28, 1969. Plaintiff sought an indefinite continuance, preferring to pursue the suit in Federal Court. When plaintiff refused a three week continuance, the trial court dismissed the suit without prejudice. Plaintiff attempted various procedures to have this dismissal reviewed or annulled, the final attempt ending in the denial of certiorari in January, 1972.
5. Plaintiff filed the present action on March 17, 1972.
The trial court maintained the exception of prescription on the basis of C.C. art. 3519, which reads:
"If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened."
On appeal plaintiff contends that the original suit in State court interrupted prescription and that the subsequent suit in Federal court (filed during that interruption) was not retroactively prescribed by the application of C.C. art. 3519 when the original suit was dismissed. If prescription remained interrupted by the Federal court suit, plaintiff correctly asserts that the present action is not subject to an exception of prescription. Thus, the key issue here is whether the Federal court action became prescribed when the original suit was dismissed.
Prescription is a manner of discharging debts by the effect of time. C.C. art. 3457. Without the legal stability provided by prescription, a person would be required to forever preserve evidence of payment of debts or of other grounds to disprove liability therefor.
Prescription is interrupted by the filing of a suit, which provides the first notice to a debtor that a claim is being judicially asserted. C.C. art. 3518, 3551. It is therefore logical that any issues as to interruption of prescription by suit should be determined as of the time of the filing of that suit.
Using the time of filing as the test point, we observe that prescription was interrupted by the filing of the original suit, since the one year period provided by C.C. art. 3536 had not yet elapsed. Likewise, at the time suit was filed in Federal court, that action was not subject to a dismissal based on prescription, since prescription remained interrupted by the pending suit.
Defendants argue, however, that C.C. art. 3519 literally prohibits us from now considering the first interruption. We disagree. As stated above, issues as to interruption of prescription are determined as of the time of the filing of the suit sought to be dismissed, and not as of the time of the filing of the exception.
We construe C.C. art. 3519 to apply prospectively to suits filed after a plaintiff abandons, voluntarily dismisses or fails to prosecute his demand. The purpose of the article is to prohibit the plaintiff from voluntarily dismissing his suit on a cause of action and later filing a second suit on the same cause of action. By taking away the *196 benefit of the original interruption, the article prevents the plaintiff from claiming that a new prescriptive period commenced when he dismissed the suit which had previously interrupted prescription.[2] The basic purpose of prescriptionto provide legal stabilityis thus fulfilled.
But in the case where a second suit is filed prior to abandonment, voluntary dismissal or failure to prosecute the original demand, the interruption provided by the first suit is still viable at the time of the filing of the second suit, and the interruption remains viable after the dismissal because of the pendency of the second suit. In the present case there was never a time after the one year anniversary date of the accident when a suit asserting plaintiff's cause of action against defendants was not pending in some court.
We conclude that defendants cannot use the facts existing at the time of the filing of their exception to dismiss an action which was not prescribed when the suit was filed. A suit not prescribed when filed cannot later become prescribed by the subsequent dismissal of a previous suit on the same cause of action.[3]
The judgment maintaining the exception of prescription is reversed, and the case is remanded for a trial on the merits.
Reversed and remanded.
STOULIG, Judge (dissenting).
I respectfully dissent because I am not in accord with the interpretation of LSA-C.C. art. 3519 as expressed in the majority opinion.
The majority opinion is based upon two premises: first, that the pending federal court action continues the interruption of the tolling of prescription, achieved by the prior dismissed state proceeding, so as to render the instant suit timely filed within the one-year prescriptive period governing tort actions; and second, that LSA-C.C. art. 3519 should be applied prospectively to suits filed after plaintiff abandons, voluntarily dismisses, or fails to prosecute his demand.
The filing of the first suit in Jefferson Parish resulted in a legal interruption of the prescription of one year governing tort actions.[1] Having arrested the running of prescription, the second action, though filed in the United States District Court more than one year after the occurrence of the accident, was nonetheless timely filed and not vulnerable to a plea of prescription. It was viable and legally efficacious solely because of the interruption of prescription occasioned by the timely filing of the initial proceeding in the state court. It therefore follows that save and except for the existence of the original suit then pending in the state court, the federal action would have been defenseless against a plea of prescription. Though the timeliness of the federal action was dependent upon the existence of a state court proceeding, the majority opinion concludes that the federal suit is sufficient, in itself, to sustain the timeliness of the instant action despite the dismissal of the original state court suit.
I find no statutory authority or jurisprudence to support this position. Article 3519 explicitly states that if a plaintiff *197 abandons, voluntarily dismisses, or fails to prosecute his case at the time of trial, the interruption of prescription achieved by the commencement of the action "is considered as never having happened." The unwillingness of counsel for the appellant to proceed with the trial of his case in the state court upon the date assigned and his refusal to accept a reasonable delay of three weeks, rather than the requested indefinite continuance, constituted an abandonment or a failure to prosecute within the contemplation of Article 3519. His actions considered in the light of his prior written declaration contained in a letter addressed to the United States district judge, with a courtesy copy to the state trial judge, that "in order there be no misunderstanding, it is my intention not to try the case in the civil court," further confirms his intention to abandon or not to prosecute the action in the state court. The trial judge, invoking the authority of LSA-C.C.P. art. 1672, rendered a judgment of dismissal without prejudice.
Under the very terms of Article 3519, the appellant by his failure to prosecute the cause of action has forfeited all of the benefits flowing from the interruption of prescription arising out of the timely institution of the first state court proceeding. One of these benefits was the ability to timely file a corresponding suit in the federal courts after the lapse of one year from the occurrence of the accident. The effect of this article is retroactive because it decrees that the interruption is considered as never having happened. As a consequence the prescriptive period of one year for tort actions had elapsed before suit was filed in the federal court.
Therefore the federal action cannot serve as the basis for continuing the interruption of a prescriptive period which has already lapsed. In view of plaintiff's failure to prosecute, the conclusion is inescapable that neither the original action in the state court nor the subsequent suit in the federal court interrupted the prescriptive period of one year. Since this suit was filed more than five years after the occurrence of the accident, an exception of prescription is well founded.
Further, I cannot concur with the majority in the conclusion that Article 3519 is to be applied prospectively to suits filed after plaintiff abandons, voluntarily dismisses, or fails to prosecute his demand. There is nothing in this article to indicate such an intent or to restrict its application to suits filed after the occurrence of any of the negating factors specified in the article.
They further reason that the purpose of this article (3519) is to prevent the plaintiff from voluntarily dismissing his suit and later refiling a second suit on the same cause of action after the original prescriptive period has elapsed. This interpretation unreasonably circumscribes the full import of the article by ignoring that it also involves instances of abandonment and failure to prosecute.
In my opinion the provisions of Article 3519 are clear. It decrees that upon the occurrence of any of the designated situations, all of which lie exclusively within the power of the plaintiff, the legal interruption of prescription (LSA-C.C. art. 3518) flowing from the timely filing of the action is vitiated. It provides that "the interruption is considered as never having happened." It renders wholly ineffective the consequences of any interruption of prescription attendant upon the timely filing of the original action whenever its provisions become executory because of plaintiff's voluntary failure to diligently pursue his cause of action to completion.
I cannot subscribe to the proposition stated in the majority opinion that issues as to interruption of prescription are determined as of the time of the filing of the suit sought to be dismissed, and not as of the time of the filing of the exception. To do so would in effect be writing Article 3519 out of our Code.
Admittedly under Article 3518 the timely filing of suit legally interrupts the tolling *198 of prescription. However, Article 3519 qualifies Article 3518 by providing that under certain conditions the beneficial consequences of the interruption are forfeited to the same extent as if the interruption had never occurred. The nature of these conditions are such that none of them (abandonment, voluntary dismissal, or failure to prosecute) can be determined until after the filing of suit. The causes of forfeiture are actions of the plaintiff, which of necessity occur subsequent to the filing of his suit, and therefore must be determined as of the date of occurrence and not as of the institution of the suit.
Counsel for appellant also maintained that dismissal "without prejudice" under Article 1672 allows the filing of another action in the state court or the prosecution of his pending suit in the federal court. This position may be well taken as it relates to a plea of res judicata, but not as it relates to prescription.
For these reasons I am of the opinion that the judgment of the trial court maintaining the exception of prescription should be affirmed.

ON APPLICATION FOR REHEARING
PER CURIAM.
On application for rehearing defendants cite Long v. Chailan, 196 La. 380, 199 So. 222 (1940) in support of their position. In the Long case plaintiffs abandoned their first suit by failing to take any steps in its prosecution for more than five years, although the suit was not dismissed until after the filing of another suit on the same cause of action. The court held that it was the abandonment, not the dismissal, which destroyed whatever effect the first suit had on the interruption of prescription.
In the present case the suit which interrupted prescription was active and viable when the second suit was filed.
While this application for rehearing was pending, another panel of this court held in Tug Alamo, Inc. v. Electronic Service, Inc., 275 So.2d 419, (La.App.4th Cir. 1973), involving similar circumstances:
"* * * art. 3519 operates prospectively and the question of whether a claim is prescribed must be decided according to the circumstances at the time of its filing (or, if appropriate, service). Thus a suit filed after the first suit is dismissed is filed at a time when the first suit's interruption is considered as never having occurred and therefore prescription has accrued (as in Adams v. Aetna Cas. Co., 1968, 252 La. 798, 214 So.2d 148). But a second suit filed before the first suit is dismissed is filed at a time when the interruption has occurred and therefore prescription has not accrued. And prescription cannot thereafter accrue, since the second suit itself interrupts (and suspends) the running of prescription."
The application is denied.
Denied.
STOULIG, J., votes to grant.
NOTES
[1] See La.App., 230 So.2d 774; La.App., 248 So.2d 845; and La.App., 254 So.2d 665.
[2] The following observation in 1 Planiol, Traite Elementaire de Droit Civil, Ch. IV, § 5, No. 2692, (12th ed. La.State Law Institute transl. 1959) is pertinent:

". . . (W)here suit is dismissed by the court or abandoned by the plaintiff, the running of prescription will be deemed to have never been interrupted. There is therefore never a new prescription commencing at the date of interruption."
[3] In this respect we distinguish Adams v. Aetna Casualty & Surety Company, 252 La. 798, 214 So.2d 148 (1968), in which plaintiff filed a second suit the day after his first suit on that cause of action was dismissed.
[1] LSA-C.C. art. 3518; LSA-R.S. 9:5801 and LSA-C.C. art. 3536.