No. 95-234

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DIANA L. WEBB,

    Plaintiff and Appellant,

    v.

T.D., D.C.; R.K.S., M.D.; and
C.H.A., M.D.,

    Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            John M. Morrison, Meloy & Morrison,
            Helena, Montana

        For Respondents:

            Richard F. Cebull, Brown, Gerbase, Cebull,
            Fulton, Harman & Ross, Billings, Montana
            (for Respondent R.K.S., M.D.)

            Ronald L. Lodders, Crowley, Haughey, Hanson,
            Toole & Dietrich, Billings, Montana
            (for Respondent C.H.A., M.D.)

**FILED**

FEB 2 0 1996

Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:    November 21, 1995

                        Decided:    February 20, 1996

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On September 9, 1991, Diana Webb filed a claim with the Medical Legal Panel against R.K.S., an orthopedist, and C.H.A., a radiologist. After the Panel rendered its decision, Webb filed a timely complaint against the two doctors in the District Court for the Thirteenth Judicial District in Yellowstone County. On August 2, 1993, Webb filed an application with the Chiropractic Legal Panel against T.D. and named R.K.S. and C.H.A. as necessary and proper parties to the action. On August 3, 1993, Webb voluntarily dismissed the pending district court action against R.K.S. and C.H.A. without prejudice. The Chiropractic Legal Panel rendered its decision on November 16, 1993. On December 13, 1993, Webb filed a second complaint in the Thirteenth Judicial District Court against all defendants. On February 3, 1995, the District Court granted R.K.S.'s and C.H.A.'s motions for summary judgment on the ground that Webb's complaint was barred by the applicable statute of repose. Webb appeals the District Court's order which granted summary judgment. We reverse the District Court and remand for further proceedings.

There is one issue on appeal:

Is Webb's complaint barred by the five-year statue of repose set forth at § 27-2-205, MCA?

### FACTUAL BACKGROUND

Diana Webb suffered a back injury during the course of her employment in May 1986. After her accident, Webb consulted T.D., a chiropractor, concerning her symptoms. In October 1986, her

2

employer's workers' compensation insurer referred her to R.K.S., an orthopedist, for further evaluation. On October 7, 1986, R.K.S. performed a clinical evaluation and ordered a CT-scan, which was read by C.H.A., a radiologist. The next day, R.K.S. wrote Webb a letter in which he stated that he had reviewed the CT-scan and it looked "excellent." He assigned Webb a two percent impairment rating and released her to perform heavy work without restriction.

In 1989, while Webb was working for a construction company in California, she suffered a severe aggravation of her earlier injury. Afterward, on August 22, 1989, Webb again consulted T.D. about her back condition. T.D. treated Webb until the end of 1989 without referring her to a physician for evaluation. In January 1990, allegedly at the insistence of Webb's husband, T.D. referred Webb to Arturo Echeverri, a neurologist. Dr. Echeverri ordered magnetic resonance imaging of Webb's spine, which revealed "a massive herniation of the L-5 disc on the right side compressing the S-1 nerve root as well as the rest of the cauda equina." Neurosurgeon Maurice Smith performed a laminotomy, but Webb was left with residual nerve damage as a result of prolonged nerve root compression from the massively herniated and fragmented disc. The January 10, 1990, MRI results were the first indication to Webb that she had a disc herniation.

On September 9, 1991, Webb filed a medical legal panel application naming R.K.S. and C.H.A., in which she alleged that R.K.S. performed a negligent physical examination and C.H.A. negligently interpreted the CT-scan on October 7, 1986. The

3

Medical Legal Panel rendered its decision on March 18, 1992. On April 16, 1992, within thirty days of the Panel decision, Webb filed a complaint against R.K.S. and C.H.A. in the Thirteenth Judicial District Court in Yellowstone County. The summonses were issued on that date, but were never served.

On June 29, 1992, Webb's attorney died in an airplane crash. On June 29, 1993, a new attorney appeared on Webb's behalf. Shortly thereafter he decided that T.D. should have been a defendant in the original action. Accordingly, on August 2, 1993, Webb filed an application with the Chiropractic Legal Panel for review of her treatment by T.D. and named R.K.S. and C.H.A. as necessary and proper parties to the action. On August 3, 1993, Webb voluntarily dismissed the pending district court action against R.K.S. and C.H.A. without prejudice. The Chiropractic Legal Panel rendered its decision on November 16, 1993. Webb filed her second complaint in District Court against all defendants on December 13, 1993, within thirty days of the Chiropractic Legal Panel decision.

On February 3, 1995, the District Court granted the motions for summary judgment filed by R.K.S. and C.H.A. The court held that Webb's injury occurred in October 1986 when the defendants failed to diagnose a damaged intervertebral disc; that six years had passed from the date of injury before Webb filed her complaint in district court; and therefore, that Webb's complaint is barred by the five-year statute of repose found at § 27-2-205, MCA.

4

DISCUSSION

Is Webb's complaint barred by the five-year statute of repose set forth at § 27-2-205, MCA?

This Court reviews a district court's order granting summary judgment based on the same criteria applied originally by the district court. *Bruner v. Yellowstone County* (Mont. 1995), 900 P.2d 901, 903, 52 St. Rep. 699, 700. Rule 56(c), M.R.Civ.P., provides that summary judgment is proper only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."

In this case, the District Court granted summary judgment in favor of R.K.S. and C.H.A. because it held that Webb's malpractice claim was barred by the five-year statute of repose found at § 27-2-205, MCA. Section 27-2-205, MCA (1985), in effect at the time of Webb's treatment in 1986, provides:

> Action for injury or death against a physician or surgeon . . . [or] chiropractor . . . based upon such person's alleged professional negligence or for rendering professional services without consent or for error or omission in such person's practice, shall be commenced within 3 years after the date of injury or 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs last, but <u>in no case may such action be commenced after 5 years from the date of injury</u>. However, this time limitation shall be tolled for any period during which such person has failed to disclose any act, error, or omission upon which such action is based and which is known to him or through the use of reasonable diligence subsequent to said act, error, or omission would have been known to him.

(Emphasis added).

5

Webb contends that the five-year statute of repose set forth in § 27-2-205, MCA, did not begin to run until 1989 because the "date of injury" was the date on which she herniated the bulging disc which respondents failed to diagnose. Because she filed her complaint in 1993, she contends that it was filed well within the five-year period. The defendants contend, and the District Court agreed, that Webb's date of injury, if there was an injury, occurred on October 7, 1986, when the defendants allegedly failed to diagnose her true condition.

Webb further asserts that even if the "date of injury" was in 1986, when R.K.S. and C.H.A. allegedly misread her CT-scan, the statute of repose still would not have run because the statute was tolled continuously from the time she filed her original application with the Medical Legal Panel. Based on our resolution of this issue, we decline to address the first issue, and therefore, draw no conclusion about Webb's "date of injury."

The date of discovery has not been contested, and therefore, is not an issue in this case.

Section 27-2-205, MCA, requires that a medical malpractice action be "commenced" within three years from the date of injury or within three years after the plaintiff discovers the injury, but in no case, later than five years from the date of the injury. Section 27-2-102(1)(b), MCA, states that "[f]or the purposes of statutes relating to the time within which an action must be commenced . . . an action is commenced when the complaint is filed." Section 27-6-702, MCA (1985), provides that "[t]he running

of the applicable limitation period in a malpractice claim is tolled upon receipt by the director of the application for review . . . [and] does not begin again until 30 days after . . . the panel's final decision . . . ." Diana Webb filed her application on September 9, 1991, and effectively tolled the running of the applicable limitation period four years, eleven months, and two days after the date of defendants' alleged malpractice on October 7, 1986. Her action was commenced on April 16, 1992, before the limitation period began to run again, and therefore, within five years from the date defendants rely on as the "date of injury."

Webb's district court complaint was still pending when she filed her application with the Chiropractic Legal Panel which named T.D. as the subject care provider, and R.K.S. and C.H.A. as necessary and proper parties to the action. The statute of limitations remained tolled throughout the pendency of the Chiropractic Legal Panel decision pursuant to § 27-12-701, MCA, which provides:

> (1) Upon receipt of an application by the director, the running of an applicable limitation period in a malpractice claim is tolled as to each chiropractic physician named as a party and as to each other person or entity named as a necessary or proper party for a court action that might subsequently arise out of the factual circumstances set forth in the application.
> (2) The running of the applicable limitation period in a malpractice claim does not begin again until:
> (a) 30 days after an order of dismissal, with or without prejudice against refiling, is issued; or
> (b) after the panel's final decision is entered in the permanent files of the panel and a copy is served upon the complainant or his attorney.

7

The Chiropractic Legal Panel rendered its decision on November 16, 1993. Webb filed her second complaint in District Court in which she named all three defendants on December 13, 1993, fewer than thirty days after the Panel's decision was rendered.

In this case, both parties agree that the statute of limitations for Webb's claim was tolled during the pendency of her application before the Medical Legal Panel, and for thirty days thereafter. The parties disagree, however, on the effect of Webb's first complaint in the District Court, which was filed on April 16, 1992, and which was voluntarily dismissed on August 3, 1993. Webb maintains that the filing of the complaint tolled the statute of limitations, and that the statute remained tolled while that suit was pending. Webb further maintains that her voluntary dismissal of the district court action did not have the effect of nullifying that tolling period, because her claim continued to pend in another forum. The respondents, however, contend that the filing of a complaint which was never served on a defendant does not toll the statute of limitations. They further contend that Rule 41(e), M.R.Civ.P., prohibits the refiling of a claim against a defendant when the plaintiff has failed to serve a summons and the complaint before its dismissal.

Rule 41(e), M.R.Civ.P., provides:

> No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the

8

same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which has been issued within 1 year has been served and filed with the clerk within 3 years as herein required.

Respondents contend that pursuant to Rule 41(e) Webb was prohibited from refiling her claim because she failed to serve the summons on her first complaint before she voluntarily dismissed it. They cite *First Call, Inc. v. Capital Answering Service, Inc.* (Mont. 1995), 898 P.2d 96, 52 St. Rep. 496, for the proposition that the dismissal of Webb's first complaint bars her second complaint based on principles of *res judicata*. We disagree, however, with respondents' characterization of *First Call*. In *First Call*, the district court dismissed the plaintiff's complaint without prejudice because the summons was not served within three years, as required by Rule 41(e), M.R.Civ.P. We held that when a district court dismisses a complaint because of a failure by the plaintiff to serve the summons within three years, the action may not be refiled. In this case, however, the court did not dismiss the complaint, and Webb did not fail to serve her summons within three years from the date on which she filed her complaint. In fact, the service of Webb's summons and <u>second complaint</u> was accomplished within three years from the date on

9

which the first complaint was filed. *First Call* and Rule 41(e) are, therefore, inapplicable to this case.

We hold that the statute of limitations and the statute of repose are tolled by the commencement of an action, and that an action is commenced when a complaint is filed. Section 27-2-102(1)(b), MCA. *See also* Rule 3, M.R.Civ.P. This interpretation is consistent with the language of § 27-2-205, MCA, and is supported both by Montana case law, and by the case law of other jurisdictions. *See, e.g., Blasdel v. Montana Power Co.* (1982), 196 Mont. 417, 426, 640 P.2d 889, 894 (holding that "the statute of limitations was tolled when the first complaint was filed"); *King v. Lujan* (N.M. 1982), 646 P.2d 1243, 1244 (holding that the "[f]iling of the complaint is commencement of the action which generally tolls the applicable statute of limitations").

In this case, the statute of limitations was tolled on April 16, 1992, when Webb filed her complaint with the District Court. The question is whether Webb's voluntary dismissal of the suit without prejudice on August 3, 1993--one day after she filed her chiropractic legal panel application--had the effect of nullifying the prior tolling of the statute. We previously held in *Tietjen v. Heberlein* (1918), 54 Mont. 486, 488, 171 P. 928, 928, that where an action is voluntarily dismissed prior to the commencement of a second action, the first action does not toll the statue of limitations. That decision was based on the predecessor of Montana's "saving statute," which provides that if an action is

10

commenced within the applicable statute of limitations, and is thereafter terminated "<u>in any other manner than by voluntary discontinuance</u>," the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such a termination. Section 27-2-407, MCA (emphasis added).

*Tietjen* is not dispositive of the tolling issue raised in this case, however. In the first place, *Tietjen* was neither a medical nor chiropractic malpractice case, but rather, was an action brought to recover the amount of a succession tax. Furthermore, *Tietjen* was decided in 1918, years prior to 1977 when the Montana Medical Legal Panel Act was enacted, and years prior to 1989, when the Montana Chiropractic Legal Panel Act was enacted, each Act with its respective tolling provisions. Sections 27-6-702 and 27-12-701, MCA. The same is true of the predecessor to § 27-2-407, MCA, which was originally enacted in the 1870s.

Accordingly, neither the statute nor our decision could have accounted for the tolling provisions of the Panel Acts. While *Tietjen* correctly applied the "saving statute" to the facts at issue in that case, given the legislature's enactment years later of specific tolling provisions uniquely applicable to medical and chiropractic malpractice cases pending before the malpractice panels, we conclude that neither § 27-2-407, MCA, nor our decision in *Tietjen*, is controlling based on the facts here. Rather, §§ 27-6-702 and 27-12-701, MCA, specifically provide for tolling

11

while a claim is pending before the respective panels, and it is those statutes which must be given controlling effect in a medical or chiropractic malpractice case where, as in the instant case, the facts implicate both the statute of repose, § 27-2-205, MCA, and the panel tolling statutes.

Applying the panel tolling statutes compels the conclusion that, in a medical or chiropractic malpractice case, if a plaintiff's first complaint was timely filed but is voluntarily dismissed while the case is pending before a malpractice panel in proceedings which name the original defendants as necessary parties, §§ 27-2-702 and 27-12-701, MCA, provide, as to those originally named defendants, a continuous tolling "bridge" between the first complaint and the subsequently filed complaint, assuming the latter is timely filed under the Panel Acts and names the original defendants.

Furthermore, Montana's "saving statute" does not address the situation that presents itself in this case in which Webb's cause of action was tolled by a separate action filed before the dismissal of the original suit. When the second action is filed prior to dismissal of the original suit, we hold that the commenced action continues to pend, and so long as the second forum has jurisdiction over the action the statute of limitations remains tolled, even after the voluntary discontinuance of the first action. Only by allowing and encouraging consolidation of actions in this manner can the objectives of avoiding duplication and unnecessary expense (which are recognized in both the Montana

12

Medical Legal Panel Act at § 27-6-702, MCA, and the Chiropractic Legal Panel Act at § 27-12-701, MCA) be accomplished.

A similar situation was addressed by the Fourth Circuit Court of Appeals in Louisiana in *Levy v. Stelly* (La. App. 1973), 277 So. 2d 194. In *Levy*, the plaintiff filed suit in state court on September 27, 1967, within one year of his January 1967 accident, as required by the Louisiana statute of limitations. While the state court action was pending, he filed a second suit in federal district court on November 22, 1968, more than one year from the date of his accident. The state court action was dismissed without prejudice in January 1972, and the plaintiff refiled in state court on March 17, 1972. The state trial court, however, dismissed the second action as barred by the applicable one-year statute of limitations.

On appeal, the plaintiff contended that the original state court action tolled the statute of limitations, and therefore, that the subsequent suit in federal court, filed while the first case was pending, was timely. The plaintiff also asserted that, because the statute of limitations remained tolled while the federal action was pending, the second state court action was not barred by the statute of limitations. The defendants, however, maintained that the first tolling period had been nullified by the dismissal of the first state court action, and therefore, that the statute of limitations had run prior to the date on which the plaintiff filed

13

the federal court suit. The defendants relied on a Louisiana statute, La. Civ. Code Ann. art. 3519, which provided:

> If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the [tolling of the statute of limitations] is considered as never having happened.

The Louisiana Court of Appeals, however, construed the statute to apply only to suits filed after a plaintiff abandoned, voluntarily dismissed, or failed to prosecute his case; in the situation where a plaintiff had filed a second suit prior to that abandonment, the court held that the statute was continuously tolled. *Levy*, 277 So. 2d at 195-96.

In effect, Louisiana's statute, La. Civ. Code Ann. art. 3519, parallels our prior interpretation of Montana's "saving statute," in *Tietjen*, 171 P. 928, where this Court held that when an action is voluntarily dismissed prior to the commencement of a second action, the first action did not toll the statute of limitations. Therefore, we conclude that the language and reasoning of *Levy* and its progeny are persuasive. *See Tug Alamo, Inc. v. Electronic Service, Inc.* (La. App. 1973), 275 So. 2d 419; *Pfiffner v. Correa* (La. App. 1994), 640 So. 2d 281, *rev'd on other grounds* (La. 1994), 643 So. 2d 1228.

We note also that *Levy*'s holding was recently affirmed in the medical malpractice context by *Pfiffner*, 640 So. 2d 281, in which the Fourth Circuit Court of Appeals in Louisiana held that:

> A second suit which was filed after the original suit was dismissed or abandoned is considered as never

14

having been filed and prescription[1] is applicable. <u>To the contrary, a second suit filed before the original suit was abandoned or dismissed interrupts prescription. . . . . If the second suit is filed prior to abandonment of the first suit, the interruption provided by the first suit continues until the second suit is filed and interruption continues after the suit is dismissed because the second suit is pending</u>.

*Pfiffner*, 620 So. 2d at 285 (citations omitted; emphasis added).

Contrary to the concerns expressed in the dissenting and concurring opinions, we are not adopting Louisiana law. We are merely citing the *Levy* and *Pfiffner* decisions as examples of what has been done in one other jurisdiction under similar circumstances. Furthermore, whether the source of Louisiana law is the Napoleonic Code or the Code of Hammurabi is really irrelevant. The fact is that Louisiana has 183 years of case law which interprets its statutes and which is as valid for purposes of persuasion as the case law of any other jurisdiction within the United States. Furthermore, we have not hesitated in the past to cite authority from Louisiana where we felt that the decisions of that state's courts were persuasive. The Montana Supreme Court has relied on Louisiana case law no fewer than sixty-six times since 1945. The Court has, in fact, relied heavily on Louisiana case law in several instances. *See, e.g., Patton v. Madison County* (1994), 265 Mont. 362, 368, 877 P.2d 993, 996 (holding that a Louisiana Supreme Court case "is instructive as to the rationale for not extending standing rights

---

[1] In Louisiana, the term "prescription" "is very nearly equivalent to what is elsewhere expressed by 'limitation of actions,' or rather, the 'bar of the statute of limitations.'" *Black's Law Dictionary* 1183 (6th ed. 1990).

15

to those persons not a part of the subdivision," and quoting extensively from that case); *Iowa Mutual Ins. Co. v. Davis* (1988), 231 Mont. 166, 171-72, 752 P.2d 166, 170 (holding that a Louisiana Second Circuit Court of Appeals decision was "persuasive" on the issue of whether mandatory liability insurance protection prohibits the exclusion of named drivers from coverage under a motor vehicle liability policy); *In re Estate of McLaughlin* (1969), 154 Mont. 318, 321-22; 462 P.2d 882, 884-85; and *Interstate Mfg. Co. v. Interstate Products Co.* (1965), 146 Mont. 449, 454, 408 P.2d 478, 481.

We conclude that based on the facts in this case, all of the objectives of the statute of repose have been accomplished. Webb's original application was filed within five years from the date which respondents contend was her "date of injury," and therefore, within the time period the Legislature has deemed reasonable. Upon receipt of that application, the panel director notified respondents of Webb's claim. *See* § 27-6-305, MCA. Webb's application or complaint has been, at all times since that date, pending before a tribunal with authority to entertain her claim, and in a manner that tolled the statute of limitation and repose. Webb's summons and complaint were served within three years from the date on which the original timely complaint was filed, and the respondents demonstrate no prejudice from the chronology of events. To require more would elevate form over substance.

We therefore hold that Webb commenced this action within five years from the date of her injury, as required by § 27-2-205, MCA.

16

We further hold that the statute of limitations was thereafter continuously tolled, and therefore, that the District Court erred when it granted respondents' motions for summary judgment. Because we hold that Webb's complaint is not barred by the five-year statute of repose found at § 27-2-205, MCA, we reverse the District Court's order and remand for further proceedings.

_____
                          Justice

We concur:


_____
          Chief Justice



_____



_____
          Justices


17

Justice Karla M. Gray, specially concurring.

I concur in the result the Court reaches and in the analysis and application of Montana law on which it relies to reach that result. I write separately to note my disagreement with that section of the Court's opinion which discusses Louisiana statutory and case law.

Specifically, I do not agree that _Levy_ addresses a similar situation since, unlike the case before us, it involved a second _suit_ filed before the first _suit_ was abandoned. Nor do I find the language or reasoning of _Levy_ and its progeny "persuasive." I will not repeat here the cogent discussion regarding the Court's use of Louisiana law in general, and _Levy_ in particular, set forth in Justice Erdmann's dissent. Suffice it to say that I agree with that discussion.

Notwithstanding my disagreement with the inclusion of the _Levy_ section in the Court's opinion, however, I join in the result the Court reaches because it is my view that the Court properly analyzes and applies Montana law to reach that result. For that reason, it also is my view that the Court's _Levy_ discussion is dicta because it is unnecessary to the resolution of the issue before us, which is fully and properly reached on the basis of Montana law.

_Karla M. Gray_
Justice

18

Justice Charles E. Erdmann dissenting.

In reversing the District Court, the majority holds that Webb's December 13, 1993, complaint for an injury which occurred on October 7, 1986, was not time-barred.[1] The majority allows Webb to "bridge" an untolled period of time and therefore nullifies the five-year statute of repose. This "bridge" is not supported by either Montana precedent or relevant Montana statutes. Despite this lack of legal support, the "bridge" will undoubtedly see a good deal of traffic in years to come as otherwise time-barred plaintiffs find it a useful detour.

The running of the applicable limitation period in a malpractice claim is tolled upon receipt of an application for review by the director of the medical legal panel. Section 27-6-702, MCA. The statute does not begin running again until thirty days after the panel's final decision. In the present case, the statute was tolled on September 9, 1991, when Webb filed her application for review with the medical legal panel--four years, eleven months, and two days after her date of injury. The medical legal panel reached its final decision on March 18, 1992. Thus, had nothing tolled the statute, the statute would have began running again on April 17, 1992, and the five-year statute of repose would have therefore expired in mid-June 1992.

---

[1]The majority reaches no legal conclusion as to the "date of injury" but assumes, for purposes of the opinion, that the date of injury was 1986.

19

Webb claims, and the majority so holds, that when she filed her initial district court complaint on April 16, 1992, the limitation period was again tolled pending resolution of the complaint. Furthermore, the majority holds that Webb's voluntary dismissal of the complaint on August 3, 1993, did not nullify any tolling effect that the complaint had. The majority states that the complaint was still pending on August 2, 1993, when Webb filed her application for review with the chiropractic legal panel and the statute again remained tolled during the pendency of that action. The majority therefore determined that Webb's second district court complaint, filed on December 13, 1993, within thirty days after the chiropractic legal panel's final decision, was not time-barred. Webb was originally injured in May 1986. By constructing this bridge, the majority has allowed the filing of a complaint on December 13, 1993, almost one and one-half years after the five-year statute of repose expired.

Under Montana's "saving statute" and prior precedent, the first complaint failed to toll the statute of limitations. The defendants were never served with the April 16, 1992, complaint and they were therefore not placed on notice that Webb had commenced legal action against them. Webb should not now be allowed to claim that the statute was tolled by simply filing the complaint. The majority's reliance on Blasdel v. Montana Power Co. (1982), 196 Mont. 417, 640 P.2d 889, for the proposition that the statute is tolled when the first complaint is filed, is misleading. In Blasdel the complaint was in fact served on the defendants and the

20

issue was whether the complaint tolled the statute of limitations for subsequent amendments which were determined to relate back to the original complaint.

Even if the first complaint initially had the effect of tolling the statute, Montana law is clear that once it was dismissed its tolling effect was nullified. In Tietjen v. Heberlein (1918), 54 Mont. 486, 171 P. 928, we interpreted Montana's "saving statute" (presently codified at § 27-2-407, MCA) and held that where an action is voluntarily discontinued prior to the commencement of a second action, the first action does not toll the statute of limitations. Here, Webb voluntarily dismissed her April 16, 1992, complaint prior to commencing her December 13, 1993, action. Thus, the statute was not tolled by the 1992 complaint and her 1993 complaint was time-barred.

The majority mixes apples and oranges when it attempts to distinguish Tietjen by stating that it was decided prior to the enactment of the Medical and Chiropractic Legal Panel Acts and their respective tolling provisions. Our holding in Tietjen that the tolling effect of a properly filed first cause of action is nullified when it is later voluntarily dismissed remains vital today. While in Tietjen we relied on the version of § 27-2-407, MCA, which predated the Medical and Chiropractic Legal Panel Acts, the relevant language that a plaintiff may commence a new action within one year after the original action is terminated "in any other manner than by a voluntary discontinuance" remains in the current version of the "saving statute." (Emphasis added.)

21

Section 27-1-101, MCA, states that "[j]udicial remedies are such as are administered by the courts of justice or by judicial officers . . . ." Section 27-1-102, MCA, divides judicial remedies into two classes--"actions" and "special proceedings"--defining the former as "an ordinary proceeding in a court of justice . . ." and further stating that "[e]very other remedy is a special proceeding." There is no indication that the legislature intended the term "action" in § 27-2-407, MCA, to apply to proceedings brought under the Medical and Chiropractic Legal Panel Acts. The majority, however, has done just that.

Finally, I disagree with the majority's reliance on and adoption of Louisiana law. While the courts of Louisiana are extremely competent in construing and interpreting Louisiana statutes, it must be remembered that Louisiana is the only state which does not follow the English common law, but rather relies on the Napoleonic Code for its legal traditions and interpretations. Not only is the terminology different, Louisiana's entire legal tradition is different from Montana's and we should be extremely reluctant to adopt Louisiana case law as controlling authority in Montana. This is particularly true where we have both Montana case law and statutes which directly address the issue under consideration.

The majority notes that this Court has relied on Louisiana case law no fewer than sixty-six times since 1945 as support for its reliance on Louisiana authority in this case. Since 1945 this Court has issued over 10,500 opinions and its reliance on Louisiana

22

law in only .6 percent of those cases certainly reflects this Court's reluctance to rely on Louisiana authority.

The Louisiana statute (La. Civ. Code Ann. art. 3519) cited by the majority provides:

> If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the [tolling of the statute of limitations] is considered as never happened.

Rather than supporting the majority's position, the plain language of the statute supports our interpretation of the Montana saving statute made in Tietjen. Nevertheless, the Louisiana court, in Levy v. Stelly (La. App. 1973), 277 So.2d 194, construed the statute to hold that if a second suit is filed prior to the abandonment of the first suit, the tolling effect of the first suit continues. The facts of the present case are distinguishable from Levy in that Webb did not file a second suit prior to voluntarily dismissing her initial complaint. Filing applications with the medical and chiropractic legal panels is not analogous to filing district court complaints and the majority's reliance on the rationale in Levy is not persuasive.

Five years from October 7, 1986, is October 7, 1991. Giving Webb credit for the period of time the statute was tolled while her claim was under review by the medical legal panel, the five-year statute of repose expired in June 1992. In building this "continuous tolling bridge" the majority has subverted the legislature's intent in adopting the five-year statute of repose

23

for medical malpractice cases and provided a road to the courthouse which neither Montana statutes nor prior cases would allow.

I would affirm the District Court's determination that Webb's December 13, 1993, complaint was time-barred by § 27-2-205, MCA.

_____
Justice


Chief Justice J. A. Turnage joins in the foregoing dissenting opinion.

_____
Chief Justice

24