JUSTICE ERDMANN
dissenting.
In reversing the District Court, the majority holds that Webb’s December 13, 1993, complaint for an injury which occurred on October 7, 1986, was not time-barred.[1] The majority allows Webb to “bridge” an untolled period of time and therefore nullifies the five-year statute of repose. This “bridge” is not supported by either Montana precedent or relevant Montana statutes. Despite this lack of legal support, the “bridge” will undoubtedly see a good deal of traffic in years to come as otherwise time-barred plaintiffs find it a useful detour.
The running of the applicable limitation period in a malpractice claim is tolled upon receipt of an application for review by the director of the medical legal panel. Section 27-6-702, MCA. The statute does not begin running again until thirty days after the panel’s final decision. In the present case, the statute was tolled on September 9, 1991, when Webb filed her application for review with the medical legal panel — four years, eleven months, and two days after her date of injury. The medical legal panel reached its final decision on March 18,1992. Thus, had nothing tolled the statute, the statute would have began running again on April 17, 1992, and the five-year statute of repose would have therefore expired in mid-June 1992.
Webb claims, and the majority so holds, that when she filed her initial district court complaint on April 16,1992, the limitation period was again tolled pending resolution of the complaint. Furthermore, the majority holds that Webb’s voluntary dismissal of the complaint on August 3,1993, did not nullify any tolling effect that the complaint had. The majority states that the complaint was still pending on August 2, 1993, when Webb filed her application for review with the chiropractic legal panel and the statute again remained tolled during the pendency of that action. The majority therefore determined that Webb’s second district court complaint, filed on December 13, 1993, within thirty days after the chiropractic legal panel’s final decision, *256 was not time-barred. Webb was originally injured in May 1986. By constructing this bridge, the majority has allowed the filing of a complaint on December 13,1993, almost one and one-half years after the five-year statute of repose expired.
Under Montana’s “saving statute” and prior precedent, the first complaint failed to toll the statute of limitations. The defendants were never served with the April 16, 1992, complaint and they were therefore not placed on notice that Webb had commenced legal action against them. Webb should not now be allowed to claim that the statute was tolled by simply filing the complaint. The majority’s reliance on Blasdel v. Montana Power Co. (1982), 196 Mont. 417, 640 P.2d 889, for the proposition that the statute is tolled when the first complaint is filed, is misleading. In Blasdel the complaint was in fact served on the defendants and the issue was whether the complaint tolled the statute of limitations for subsequent amendments which were determined to relate back to the original complaint.
Even if the first complaint initially had the effect of tolling the statute, Montana law is clear that once it was dismissed its tolling effect was nullified. In Tietjen v. Heberlein (1918), 54 Mont. 486, 171 P. 928, we interpreted Montana’s “saving statute” (presently codified at § 27-2-407, MCA) and held that where an action is voluntarily discontinued prior to the commencement of a second action, the first action does not toll the statute of limitations. Here, Webb voluntarily dismissed her April 16, 1992, complaint prior to commencing her December 13, 1993, action. Thus, the statute was not tolled by the 1992 complaint and her 1993 complaint was time-barred.
The majority mixes apples and oranges when it attempts to distinguish Tietjen by stating that it was decided prior to the enactment of the Medical and Chiropractic Legal Panel Acts and their respective tolling provisions. Our holding in Tietjen that the tolling effect of a properly filed first cause of action is nullified when it is later voluntarily dismissed remains vital today. While in Tietjen we relied on the version of § 27-2-407, MCA, which predated the Medical and Chiropractic Legal Panel Acts, the relevant language that a plaintiff may commence a new action within one year after the original action is terminated “in any other manner than by a voluntary discontinuance” remains in the current version of the “saving statute.” (Emphasis added.)
Section 27-1-101, MCA, states that “[¡Judicial remedies are such as are administered by the courts of justice or by judicial officers ....” Section 27-1-102, MCA, divides judicial remedies into two classes— *257 “actions” and. “special proceedings” — defining the former as “an ordinary proceeding in a court of justice ...” and further stating that “[ejvery other remedy is a special proceeding.” There is no indication that the legislature intended the term “action” in § 27-2-407, MCA, to apply to proceedings brought under the Medical and Chiropractic Legal Panel Acts. The majority, however, has done just that.
Finally, I disagree with the majority’s reliance on and adoption of Louisiana law. While the courts of Louisiana are extremely competent in construing and interpreting Louisiana statutes, it must be remembered that Louisiana is the only state which does not follow the English common law, but rather relies on the Napoleonic Code for its legal traditions and interpretations. Not only is the terminology different, Louisiana’s entire legal tradition is different from Montana’s and we should be extremely reluctant to adopt Louisiana case law as controlling authority in Montana. This is particularly true where we have both Montana case law and statutes which directly address the issue under consideration.
The majority notes that this Court has relied on Louisiana case law no fewer than sixty-six times since 1945 as support for its reliance on Louisiana authority in this case. Since 1945 this Court has issued over 10,500 opinions and its reliance on Louisiana law in only .6 percent of those cases certainly reflects this Court’s reluctance to rely on Louisiana authority.
The Louisiana statute (La. Civ. Code Ann. art. 3519) cited by the majority provides:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the [tolling of the statute of limitations] is considered as never happened.
Rather than supporting the majority’s position, the plain language of the statute supports our interpretation of the Montana saving statute made in Tietjen. Nevertheless, the Louisiana court, in Levy v. Stelly (La. App. 1973), 277 So.2d 194, construed the statute to hold that if a second suit is filed prior to the abandonment of the first suit, the tolling effect of the first suit continues. The facts of the present case are distinguishable from Levy in that Webb did not file a second suit prior to voluntarily dismissing her initial complaint. Filing applications with the medical and chiropractic legal panels is not analogous to filing district court complaints and the majority’s reliance on the rationale in Levy is not persuasive.
*258 Five years from October 7, 1986, is October 7, 1991. Giving Webb credit for the period of time the statute was tolled while her claim was under review by the medical legal panel, the five-year statute of repose expired in June 1992. In building this “continuous tolling bridge” the maj ority has subverted the legislature’s intent in adopting the five-year statute of repose for medical malpractice cases and provided a road to the courthouse which neither Montana statutes nor prior cases would allow.
I would affirm the District Court’s determination that Webb’s December 13, 1993, complaint was time-barred by § 27-2-205, MCA.
CHIEF JUSTICE TURNAGE joins in the foregoing dissenting opinion.

. The majority reaches no legal conclusion as to the “date of injury” but assumes, for purposes of the opinion, that the date of injury was 1986.