JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The majority’s result can only be accomplished by grafting judicially-created elements onto Montana’s saving statute which are not present in the statute itself. In the process, the majority’s result is accomplished in total disregard of the purpose of the saving statute and the merits of the plaintiff’s claim.
Montana’s saving statute, found at § 27-2-407, MCA, provides in relevant part that:
If an action is commenced within the time limited therefor and ... the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action for the same cause after the expiration of the time so limited and within 1 year after such a ... termination.
(Emphasis added.)
Contrary to the discussion in the ancient case of Tietjen v. Heberlein (1918), 54 Mont. 486, 488, 171 P. 928, 928, there is no provision in the “saving statute” which renders the statute inapplicable if the original federal action is dismissed based on some subjective notion of the plaintiff’s “fault.” Neither is there any language in the saving statute which would make it inapplicable where the parties are not identical. The statute will not save a subsequent state court action where three, and only three, circumstances exist: (1) voluntary dismissal by the plaintiff, (2) dismissal for failure to prosecute by the plaintiff, and (3) final judgment on the merits. None of those circumstances exists in this case.
Furthermore, it is incorrect that in any substantive sense the party that Williams sued in federal court was different than the party *516 subsequently sued in state court. The difference between suing Pegasus Gold Corp., d/b/a Zortman Mining, Inc., and suing Zortman Mining, Inc., as a wholly-owned subsidiary of Pegasus Gold Corporation, is a difference that exists on paper only. The nature of the relationship between the two corporations was correctly alleged in substance, notice to one corporation was effectively notice to the other, and the effect of allowing the subsequent state action to proceed after amending the form in which the defendant was named would have been no different than allowing amendments in state court to relate back to the date of the original action under Rule 15(c), M.R.Civ.P.
If Williams had sued Pegasus Gold Corp., d/b/a Zortman Mining, Inc., in state court within ninety days after the Montana Human Rights Commission issued its notice of right to sue and had amended his complaint to correctly identify the defendant as simply Zortman Mining, Inc., more than ninety days after the notice of right to sue, his amendment would have related back to the date of the original cause of action and would not have been subject to dismissal based on the statute of limitations. Rule 15(c) provides in relevant part that:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
In Berlin v. Boedecker (1994), 268 Mont. 444, 887 P.2d 1180, we allowed an action to proceed against a corporate defendant, even though the complaint was not amended to name the corporate defendant until seven and one-half years after the actions complained of. We held that because a principal in the corporation had been named in the original suit which had been filed prior to expiration of the statute of limitations, the corporate defendant had notice of the plaintiff’s allegations in a timely fashion and was not prejudiced by being named as a party by later amendment.
*517 In this case, all the requirements of Rule 15(c) were satisfied. Zortman Mining, Inc., had notice of the action against Pegasus Gold in federal court; it knew that Zortman was the proper party; and no prejudice can be shown to Zortman by now having to defend the case on its merits.
Because an amendment changing the identity of the parties would have been allowed in state court had the action originally been filed against Pegasus Gold in state court, no different result should occur in this situation in light of the saving statute. The purpose of the saving statute is to allow actions which are filed on time in federal court to proceed in district court after dismissal in federal court, except for limited circumstances which are not present in this case. The fact that the form by which the defendant was identified in federal court was not identical to the form by which the defendant is identified in the state court action is not one of those circumstances which precludes application of the statute. Any reading of the two complaints requires the conclusion that they are the same cause of action.
Furthermore, I conclude that the majority’s reliance on decisions from intermediate courts of appeal in Tennessee and Georgia is misplaced. In Turner v. Aldor Co. of Nashville (Tenn. Ct. App. 1991), 827 S.W.2d 318, the plaintiff was injured by an overhead garage door and originally sued the distributor for the door. That action was voluntarily dismissed and later, after the statute of limitations had run, a second action was brought against the manufacturer of the door. There is no indication in that decision that the distributor and manufacturer were in any way related, or that the manufacturer had been mentioned as a party in the plaintiff’s original complaint in any form. Furthermore, although the exact text of Tennessee’s saving statute is not set forth in the opinion, we can conclude that it is not identical to Montana’s, or the mere fact that the plaintiff’s original complaint had been dismissed voluntarily would have precluded its application. In this case, Zortman was identified in the caption of Williams’ federal court complaint. The claim in the subsequent state court action was identical, and Williams’ federal court claim was not voluntarily dismissed.
In McCoy Enterprises v. Vaughn (Ga. Ct. App. 1980), 268 S.E.2d 764, the plaintiff’s original cause of action was dismissed voluntarily more than two years after it had been filed and after the trial of the claim had commenced. A second cause of action was filed nearly four and one-half years after the negligent act complained of had occurred *518 and a new defendant was named. The applicable statute of limitations was two years. Significantly, both actions were filed in state court and the Georgia Court of Appeals held that the plaintiff could have availed himself of the opportunity to rename the party defendant by amendment of his pleading, but had chosen not to do so. Instead, he voluntarily dismissed his first cause of action. Most significantly, Georgia’s saving statute, which is interpreted in that decision, requires that a second suit, in order to be saved, be “against a person from whom relief was prayed in the first suit.” McCoy, 268 S.E.2d at 765. No similar requirement is found in Montana’s saving statute. Therefore, the Georgia decision is completely inapplicable to the facts and the rule we have been asked to interpret in this case.
In addition to being an incorrect and unjustified application of the plain language found in Montana’s saving statute, the reasoning of the District Court, which has been affirmed and adopted by this Court, is completely inappropriate. The approach of the trial court and the majority seems to be that since the plaintiff’s attorney tried to satisfy jurisdictional requirements for federal court by the manner in which he identified the defendants in his federal complaint, he did something wrong and therefore, cannot avail himself of the plain provisions of Montana’s saving statute.
First, based on the record before us, it is impossible to conclude that the plaintiff’s attorney did anything wrong. There may have been good reason to believe that Pegasus was simply the alter-ego of Zortman. Lawyers often file complaints assuming one set of facts can be established and subsequently learn otherwise. Second, the application of Montana’s saving statute has nothing to do with “fault” and the majority’s interjection of its notions of propriety has no place in its application of that statute.
For these reasons, I would reverse the order of the District Court and allow the plaintiff’s claim to proceed to a resolution based on its merits.
JUSTICE HUNT joins ih the foregoing dissenting opinion.