PONDER, Justice.
 

 The executors sought by rule to have the Succession of Mrs. Sarah Edenborn adjudicated free and clear of the estate transfer tax imposed by Act No. 119 of the legislature of 1932 on the ground that this act of the legislature had become ineffective and invalid. The judgment of the lower court was adverse to the executors, and they have appealed.
 

 On this appeal, the executors contend that Act No. 119 of 1932 was made applicable to and confined to the Federal Revenue Act of 1926, and, inasmuch as the Federal Revenue Act of 1926 was repealed by Congress when it enacted the Federal Internal Revenue Code in 1939, 26 U.S.C.A. Int.Rev. Code, that Act No. 119 of 1932 has become ineffective and invalid.
 

 They take the position that the decedent having died on August 9, 1944, more than five years after the federal act was repealed, the succession is not subject to the tax imposed by Act No. 119 of 1932.
 

 Title III, sec. 301(b), 44 Stat. 70, of the Federal Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 226, provides: “The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 304.”
 

 The title of the Louisiana statute, Act No. 119 of 1932, reads: “To obtain the benefit of credit allowed under the Federal Estate Tax Law by levying an Estate Transfer Tax in addition to the Inheritance Tax provided in Act 127 of 1921 as amended by Act 44 of 1922; and to provide for its collection.”
 

 Sections 1 and 2 of this statute provide:
 

 “There is hereby levied, in addition to the inheritance tax as now provided by Act 127 of 1921, as amended by Act 44 of 1922, an estate transfer tax upon all estates which are subject to taxation under the Federal Revenue Act of 1926.” Sec. 1, Act No. 119 of 1932, Dart’s Statutes, § 8581.
 

 “Whenever the aggregate amount of all inheritance, succession, legacy and estate taxes actually paid to the several states of the United States in respect to any prop
 
 *177
 
 erty owned by such decedent shall be less than eighty per cent (80%) of the estate tax payable to the United States' under the provisions of the said Federal Revenue Act of 1926, but not otherwise, the difference between said amount and said eighty per cent (80%) shall be paid to the State of Louisiana.” Section 2, Act No. 119 of 1932, Dart’s Statutes, § 8582.
 

 The purpose is .announced in section 4, viz.: “It is hereby declared to be the intent and purpose of this Act to obtain for this state the benefit of the credit allowed under the provisions' of title III, section three hundred and one, sub-section (b), of the Federal Revenue Act of nineteen hundred twenty-six to the extent that this State may be entitled by the provisions of said Act, by imposing additional taxes, and the same shall be liberally construed to effect this purpose.” Section 4, Act No, 119 of 1932, Dart’s Statutes, § 8584.
 

 From a mere reading of the Louisiana statute, it is apparent that it was the intention of the legislature to obtain for the state the benefit of the credit allowed by the federal government, and that the act was to be construed liberally to obtain this purpose.
 

 The reference to the style and number of the federal statute which contained this provision of law was of no particular moment and was merely inserted for convenience in order that the law could be easily located. What the legislature was interested in primarily was securing the benefit of this credit for the State.
 

 The Federal Revenue Act of 1926 was amended several times before the Internal Revenue Code was adopted in 1939. However, the 80% credit was continued without interruption. When the Internal Revenue Code was adopted by Congress in 1939, this provision of law, the 80% credit, was consolidated and codified with other revenue laws for the convenience of the administrative officers and the taxpayers. In fact, it is stated in the Internal Revenue Code that it is “An A-ct to consolidate and codify the internal revenue laws of the United States.”
 

 Sections 4 and 5 of the Internal Revenue Code read:
 

 “(a) The Internal Revenue Title, as hereinafter set forth, is intended to include all general laws of the United States and parts of such laws, relating exclusively to internal revenue, in force on the 2d day of January 1939 (1) of a permanent nature and (2) of a temporary nature if embraced in said Internal Revenue Title. In furtherance of that purpose, all such laws and parts of laws codified herein, to the extent they relate exclusively to internal revenue, are repealed, effective, except as provided in section 5, on the day following the date of tht enactment of this act.
 

 “(b) Such repeal shall not affect any act done or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before the said repeal, but all rights and liabilities under said acts shall continue, and may be enforced in the same manner, as if said repeal had not been
 
 *179
 
 made; nor shall any office, position, employment, board, or committee, be abolished by such repeal, but the same shall continue under the pertinent provisions of the Internal Revenue Title. * * *” Sec. 4, 53 Stat. 1, 26 U.S.C.A. Int.Rev.Code, § 4.
 

 “Any provision of law in force on the 2d day of January 1939 corresponding to a provision contained in the Internal Revenue Title shall remain in force until the corresponding provision under such Title takes effect.” Sec. 5, 53 Stat. la, 26 U.S.C.A. Int.Rev.Code, § 5.
 

 From these provisions, it is readily seen that the 80% credit contained in the Internal Revenue Code as well as other revenue laws was continued in effect without any lapse of time occurring between its effective date and the repeal of the statutes on the same subject matter.
 

 At the time that the legislature passed Act No. 119 of 1932, the 80% provision allowed by the federal government to the states was law and has continued to be the law. It has never been revoked, and the fact that Congress has seen fit to codify this provision with other laws would not have any effect on the Louisiana statute for the reason that the object of the Louisiana statute was to secure this 80% credit.
 

 The executors have cited no authorities to support their contention.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellants’ cost.