In the Matter of the Estate of STELLA H. McLAUGHLIN, Deceased.

No. 11739.
Decided December 29, 1969.
462 P.2d 882.

Jardine, Stephenson, Blewett & Weaver, Great Falls, John D. Stephenson, argued, Great Falls, for appellant.

Gene B. Daly, County Atty., Great Falls, Leo Kottas, Jr., Helena, William G. Baucus, argued, Great Falls, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the executors (hereafter referred to as appellants) of the estate of Stella H. McLaughlin, deceased, from an order of the district court determining estate tax.

The facts are these. On February 1, 1968 Stella H. McLaughlin died testate. Her estate was entered in probate and on

June 5, 1969, the district made an order determining the Montana inheritance tax at $268,214.79, subject to the statutory 5% discount, and this sum was paid to the county treasurer. A hearing was then set to determine whether or not the estate was subject to a Montana estate tax pursuant to the provisions of section 91-4411, R.C.M.1947, as amended. Following this hearing and on August 14, 1969, the district court made its order determining that such a tax was due and directed the appellants to pay the Cascade County treasurer the additional sum of $159,220.49, for such estate tax. Appellants made exceptions to this order which were denied by the court in its order dated August 20, 1969, and this appeal followed.

Section 91-4411, R.C.M.1947, provides in part as follows:

"(a)   In addition to the taxes hereinabove imposed, an estate tax is hereby imposed upon the transfer of all estates which are subject to an estate tax under the provisions of the United States Revenue Act of 1926, and amendments thereto, where the decedent, at the time of his decease, was a resident of this state. The amount of said estate tax shall be equal to the extent, if any, of the excess of the credit of not exceeding eighty per cent (80%), allowable under said United States Revenue Act, over the aggregate amount of all estates, inheritance, transfer, legacy and succession taxes paid to any state or territory or the District of Columbia, in respect to any property in the estate of said decedent.

＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊

"(g)   Intent of subdivisions (a) to (h). It is hereby declared to be the intent and purpose of subdivisions (a) to (h) to obtain for this state the benefit of the credit allowed under the provisions of said United States Revenue Act, to the extent that this state may be entitled by the provisions of said act, by imposing additional taxes and the same shall be liberally construed to effect this purpose."

Appellants claim that the above section has no application to this estate for the reason that such section applies to estates

subject to the United States Revenue Act of 1926 and amendments thereto. They claim this estate is subject to the Internal Revenue Code of 1954 and argue that the United States Revenue Act of 1926 has been repealed, thus making the Montana statute totally ineffective. Respondent, State of Montana, argues that said section is effective and the mere fact that the United States Revenue Act of 1926 was repealed does not affect the validity of this section because, as we will subsequently show, the basic law has been carried forward.

The single issue presented on this appeal is whether section 91-4411, R.C.M.1947, applies to the estate of Stella H. McLaughlin.

A brief review of the federal statutes would prove quite helpful at this point. The Revenue Act of 1926, section 301(b) provided as follows:

"The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 304."

Section 91-4411, R.C.M. 1947, was enacted to take advantage of this provision of the federal law. There were amendments to the above Act but there was no great change until the Internal Revenue Act of 1939. At that time the 1926 Act was repealed. However, as respondent points out in his brief, there was no intention of doing away with the provision contained in section 301(b) and in fact section 813(b) of the 1939 Act is in the same words. The Internal Revenue Code of 1954 brought substantive changes to the federal tax laws. But again the basic idea of the estate tax was retained and the estate tax credit for states was retained in section 2011. The House Com-

mittee Report on the Internal Revenue Code of 1954 explains it in this manner:

"Under present law estate tax liability is computed by first determining a 'tentative tax' (basic and additional taxes). Then, if the estate is over $100,000 a 'basic estate tax' is computed and 80 per cent of this represents the maximum credit allowed for State death taxes.

"Your committee's bill greatly simplfies this computation by doing away with the necessity of separately computing the basic tax. This is made possible by expressing the maximum credit allowable for State death taxes as a percent of the taxable estate of the decedent.

"*This simplified method of computing the tax does not change the tax liability of any citizen or resident of the United States or the credit allowed for State death taxes.* It does, however, raise slightly the tax of those few non-resident aliens who are entitled to a credit for State death taxes.

"While the concept of the basic estate tax is largely discarded in the bill, a method of determining the basic and additional estate taxes separately is retained, since some State death taxes and the exemption for estates of certain members of the Armed Forces require the separate computation of these taxes." (Emphasis supplied.) House Committee Report, Internal Revenue Code of 1954, Volume 3, U.S. Code Congressional and Administrative News, 83rd Congress, Second Session, 1954, at page 4115.

Both parties have cited the Louisiana case of Edenborn v. Flournoy, 209 La. 174, 24 So.2d 368. Appellants claim that the decision is not sound law. We do not agree. The facts in that case are briefly these. The executors of the estate of Mrs. Sarah Edenborn sought to have the estate adjudicated free and clear of the estate transfer tax imposed by legislative Act No. 119 of 1932. The Act is quite similar to that of section 91-4411, R.C.M.1947, and it too refers to the Revenue Act of 1926. The case was decided in 1945. This was after the repeal of the 1926

Act but prior to the enactment of the Internal Revenue Code of 1954. The Louisiana Supreme Court stated, at p. 369 of 24 So.2d:

"From a mere reading of the Louisiana statute, it is apparent that it was the intention of the legislature to obtain for the state the benefit of the credit allowed by the federal government, and that the act was to be construed liberally to obtain this purpose.

"The reference to the style and number of the federal statute which contained this provision of law was of no particular moment and was merely inserted for convenience in order that the law could be easily located. What the legislature was interested in primarily was securing the benefit of this credit for the State.

"The Federal Revenue Act of 1926 was amended several times before the Internal Revenue Code was adopted in 1939. However, the 80% credit was continued without interruption."

The Louisiana Court went on to quote part of the Internal Revenue Code of 1939 and then said this:

"From these provisions, it is readily seen that the 80% credit contained in the Internal Revenue Code as well as other revenue laws was continued in effect without any lapse of time occurring between its effective date and the repeal of the statutes on the same subject matter.

"At the time that the legislature passed Act. No. 119 of 1932, the 80% provision allowed by the federal government to the states was law and has continued to be the law. It has never been revoked, and the fact that Congress has seen fit to codify this provision with other laws would not have any effect on the Louisiana statute for the reason that the object of the Louisiana statute was to secure this 80% credit."

We see no reason why the decision in the present case should be any different than that in the case cited above. The mere fact that the federal revenue laws were again changed or codified in 1954 should not and does not make any difference as

was pointed out above in House Committee Report of 1954. Section 2011(d) of the 1954 Internal Revenue Code refers directly to the Revenue Act of 1926, and in regulations set forth at section 20.2011 (1) (d), Estate Tax Regulations, the Internal Revenue Service said this:

"(d) Definition of 'basic estate tax'. Section 2011(d) provides definitions of the terms 'basic estate tax' and 'additional estate tax', used in the Internal Revenue Code of 1939, and 'estate tax imposed by the Revenue Act of 1926', for the purpose of supplying a means of computing State death taxes under local statutes using those terms, and for use in determining the exemption provided for in section 2201 for estates of certain members of the Armed Forces. * * *."

Thus this Court is convinced that the repeal of the 1926 Act and the 1939 Act did in no way affect the validity or effectiveness of section 91-4411, R.C.M.1947.

Appellants' counsel, on oral argument, expressed concern that the estate might be subjected to a double estate tax in that the federal government might contend that the estate tax claimed by the State of Montana under section 9-4411, R.C.M.1947, is not a proper claim and therefore would require the estate to pay $159,220.49 to the United States. Then, in the event this Court held the estate to be liable to the State for this sum, it would amount to a double tax. This will not happen as it would not be constitutionally allowed. The Montana statute imposes an estate tax upon this estate and the United States must credit the amount so paid against the amount otherwise payable to the United States. Also, the Internal Revenue Service is bound by the United States Supreme Court decision of Commissioner of Internal Revenue v. Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886, in which that court reaffirmed its rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The rule is that state law as announced by the highest court of the state is to be followed.

For these reasons the order of the district court is affirmed.

MR. JUSTICES HASWELL, CASTLES, JOHN C. HARRISON, and the HONORABLE LEROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE BONNER, concur.