JUSTICE TRIEWEILER
delivered the Opinion of the Court.
On September 9, 1991, Diana Webb filed a claim with the Medical Legal Panel against R.K.S., an orthopedist, and C.H.A., a radiologist. *245 After the Panel rendered its decision, Webb filed a timely complaint against the two doctors in the District Court for the Thirteenth Judicial District in Yellowstone County. On August 2, 1993, Webb filed an application with the Chiropractic Legal Panel against T.D. and named R.K.S. and C.H.A. as necessary and proper parties to the action. On August 3, 1993, Webb voluntarily dismissed the pending district court action against R.K.S. and C.H.A. without prejudice. The Chiropractic Legal Panel rendered its decision on November 16,1993. On December 13, 1993, Webb filed a second complaint in the Thirteenth Judicial District Court against all defendants. On February 3, 1995, the District Court granted R.KS.’s and C.H.A.’s motions for summary judgment on the ground that Webb’s complaint was barred by the applicable statute of repose. Webb appeals the District Court’s order which granted summary judgment. We reverse the District Court and remand for further proceedings.
There is one issue on appeal:
Is Webb’s complaint barred by the five-year statute of repose set forth at § 27-2-205, MCA?
FACTUAL BACKGROUND
Diana Webb suffered a back injury during the course of her employment in May 1986. After her accident, Webb consulted T.D., a chiropractor, concerning her symptoms. In October 1986, her employer’s workers’ compensation insurer referred her to R.K.S., an orthopedist, for further evaluation. On October 7, 1986, R.K.S. performed a clinical evaluation and ordered a CT-scan, which was read by C.H.A., a radiologist. The next day, R.K.S. wrote Webb a letter in which he stated that he had reviewed the CT-scan and it looked “excellent.” He assigned Webb a two percent impairment rating and released her to perform heavy work without restriction.
In 1989, while Webb was working for a construction company in California, she suffered a severe aggravation of her earlier injury. Afterward, on August 22,1989, Webb again consulted T.D. about her back condition. T.D. treated Webb until the end of 1989 without referring her to a physician for evaluation. In January 1990, allegedly at the insistence of Webb’s husband, T.D. referred Webb to Arturo Echeverri, a neurologist. Dr. Echeverri ordered magnetic resonance imaging of Webb’s spine, which revealed “a massive herniation of the L-5 disc on the right side compressing the S-l nerve root as well as the rest of the cauda equina.” Neurosurgeon Maurice Smith performed a laminotomy, but Webb was left with residual nerve damage *246 as a result of prolonged nerve root compression from the massively herniated and fragmented disc. The January 10, 1990, MRI results were the first indication to Webb that she had a disc herniation.
On September 9,1991, Webb filed a medical legal panel application naming R.K.S. and C.H.A., in which she alleged that R.K.S. performed a negligent physical examination and C.H.A. negligently interpreted the CT-scan on October 7,1986. The Medical Legal Panel rendered its decision on March 18, 1992. On April 16, 1992, within thirty days of the Panel decision, Webb filed a complaint against R.K.S. and C.H.A. in the Thirteenth Judicial District Court in Yellowstone County. The summonses were issued on that date, but were never served.
On June 29, 1992, Webb’s attorney died in an airplane crash. On June 29, 1993, a new attorney appeared on Webb’s behalf. Shortly thereafter he decided that T.D. should have been a defendant in the original action. Accordingly, on August 2, 1993, Webb filed an application with the Chiropractic Legal Panel for review of her treatment by T.D. and named R.K.S. and C.H.A. as necessary and proper parties to the action. On August 3, 1993, Webb voluntarily dismissed the pending district court action against R.K.S. and C.H.A. without prejudice. The Chiropractic Legal Panel rendered its decision on November 16,1993. Webb filed her second complaint in District Court against all defendants on December 13, 1993, within thirty days of the Chiropractic Legal Panel decision.
On February 3, 1995, the District Court granted the motions for summary judgment filed by R.K.S. and C.H.A. The court held that Webb’s injury occurred in October 1986 when the defendants failed to diagnose a damaged intervertebral disc; that six years had passed from the date of injury before Webb filed her complaint in district court; and therefore, that Webb’s complaint is barred by the five-year statute of repose found at § 27-2-205, MCA.
DISCUSSION
Is Webb’s complaint barred by the five-year statute of repose set forth at § 27-2-205, MCA?
This Court reviews a district court’s order granting summary judgment based on the same criteria applied originally by the district court. Bruner v. Yellowstone County (1995), 272 Mont. 261, 263-64, 900 P.2d 901, 903. Rule 56(c), M.R.Civ.P., provides that summary judgment is proper only when “there is no genuine issue as to any *247 material fact and ... the moving party is entitled to judgment as a matter of law.”
In this case, the District Court granted summary judgment in favor of R.K.S. and C.H.A. because it held that Webb’s malpractice claim was barred by the five-year statute of repose found at § 27-2-205, MCA. Section 27-2-205, MCA (1985), in effect at the time of Webb’s treatment in 1986, provides:
Action for injury or death against a physician or surgeon ... [or] chiropractor ... based upon such person’s alleged professional negligence or for rendering professional services without consent or for error or omission in such person’s practice, shall be commenced within 3 years after the date of injury or 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs last, but in no case may such action be commenced after 5 years from the date of injury. However, this time limitation shall be tolled for any period during which such person has failed to disclose any act, error, or omission upon which such action is based and which is known to him or through the use of reasonable diligence subsequent to said act, error, or omission would have been known to him.
(Emphasis added).
Webb contends that the five-year statute of repose set forth in § 27-2-205, MCA, did not begin to run until 1989 because the “date of injury” was the date on which she herniated the bulging disc which respondents failed to diagnose. Because she filed her complaint in 1993, she contends that it was filed well within the five-year period. The defendants contend, and the District Court agreed, that Webb’s date of injury, if there was an injury, occurred on October 7, 1986, when the defendants allegedly failed to diagnose her true condition.
Webb further asserts that even if the “date of injury” was in 1986, when R.K.S. and C.H.A. allegedly misread her CT-scan, the statute of repose still would not have run because the statute was tolled continuously from the time she filed her original application with the Medical Legal Panel. Based on our resolution of this issue, we decline to address the first issue, and therefore, draw no conclusion about Webb’s “date of injury.”
The date of discovery has not been contested, and therefore, is not an issue in this case.
Section 27-2-205, MCA, requires that a medical malpractice action be “commenced” within three years from the date of injury or within three years after the plaintiff discovers the injury, but in no case, later *248 than five years from the date of the injury. Section 27-2-102(l)(b), MCA, states that “[flor the purposes of statutes relating to the time within which an action must be commenced... an action is commenced when the complaint is filed.” Section 27-6-702, MCA (1985), provides that “ [t]he running of the applicable limitation period in a malpractice claim is tolled upon receipt by the director of the application for review ... [and] does not begin again until 30 days after ... the panel’s final decision ....” Diana Webb filed her application on September 9, 1991, and effectively tolled the running of the applicable limitation period four years, eleven months, and two days after the date of defendants’ alleged malpractice on October 7, 1986. Her action was commenced on April 16, 1992, before the limitation period began to run again, and therefore, within five years from the date defendants rely on as the “date of injury.”
Webb’s district court complaint was still pending when she filed her application with the Chiropractic Legal Panel which named T.D. as the subject care provider, and R.K.S. and C.H.A. as necessary and proper parties to the action. The statute of limitations remained tolled throughout the pendency of the Chiropractic Legal Panel decision pursuant to § 27-12-701, MCA, which provides:
(1) Upon receipt of an application by the director, the running of an applicable limitation period in a malpractice claim is tolled as to each chiropractic physician named as a party and as to each other person or entity named as a necessary or proper party for a court action that might subsequently arise out of the factual circumstances set forth in the application.
(2) The running of the applicable limitation period in a malpractice claim does not begin again until:
(a) 30 days after an order of dismissal, with or without prejudice against refiling, is issued; or
(b) after the panel’s final decision is entered in the permanent files of the panel and a copy is served upon the complainant or his attorney.
The Chiropractic Legal Panel rendered its decision on November 16, 1993. Webb filed her second complaint in District Court in which she named all three defendants on December 13,1993, fewer than thirty days after the Panel’s decision was rendered.
In this case, both parties agree that the statute of limitations for Webb’s claim was tolled during the pendency of her application before the Medical Legal Panel, and for thirty days thereafter. The parties *249 disagree, however, on the effect of Webb’s first complaint in the District Court, which was filed on April 16, 1992, and which was voluntarily dismissed on August 3, 1993. Webb maintains that the filing of the complaint tolled the statute of limitations, and that the statute remained tolled while that suit was pending. Webb further maintains that her voluntary dismissal of the district court action did not have the effect of nullifying that tolling period, because her claim continued to pend in another forum. The respondents, however, contend that the filing of a complaint which was never served on a defendant does not toll the statute of limitations. They further contend that Rule 41(e), M.R.Civ.R, prohibits the refiling of a claim against a defendant when the plaintiff has failed to serve a summons and the complaint before its dismissal.
Rule 41(e), M.R.Civ.R, provides:
No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which has been issued within 1 year has been served and filed with the clerk within 3 years as herein required.
Respondents contend that pursuant to Rule 41(e) Webb was prohibited from refiling her claim because she failed to serve the summons on her first complaint before she voluntarily dismissed it. They cite First Call, Inc. v. Capital Answering Service, Inc. (1995), 271 Mont. 425, 898 P.2d 96, for the proposition that the dismissal of Webb’s first complaint bars her second complaint based on principles of res judicata. We disagree, however, with respondents’ characterization of First Call. In First Call, the district court dismissed the plaintiff’s complaint without prejudice because the *250 summons was not served within three years, as required by Rule 41(e), M.R.Civ.R We held that when a district court dismisses a complaint because of a failure by the plaintiff to serve the summons within three years, the action may not be refiled. In this case, however, the court did not dismiss the complaint, and Webb did not fail to serve her summons within three years from the date on which she filed her complaint. In fact, the service of Webb’s summons and second complaint was accomplished within three years from the date on which the first complaint was filed. First Call and Rule 41(e) are, therefore, inapplicable to this case.
We hold that the statute of limitations and the statute of repose are tolled by the commencement of an action, and that an action is commenced when a complaint is filed. Section 27-2-102(l)(b), MCA. See also Rule 3, M.R.Civ.R This interpretation is consistent with the language of § 27-2-205, MCA, and is supported both by Montana case law, and by the case law of other jurisdictions. See, e.g., Blasdel v. Montana Power Co. (1982), 196 Mont. 417, 426, 640 P.2d 889, 894 (holding that “the statute of limitations was tolled when the first complaint was filed”); King v. Lujan (N.M. 1982), 646 P.2d 1243, 1244 (holding that the “[fliling of the complaint is commencement of the action which generally tolls the applicable statute of limitations”).
In this case, the statute of limitations was tolled on April 16,1992, when Webb filed her complaint with the District Court. The question is whether Webb’s voluntary dismissal of the suit without prejudice on August 3,1993 — one day after she filed her chiropractic legal panel application — had the effect of nullifying the prior tolling of the statute. We previously held in Tietjen v. Heberlein (1918), 54 Mont. 486, 488, 171 P. 928, 928, that where an action is voluntarily dismissed prior to the commencement of a second action, the first action does not toll the statute of limitations. That decision was based on the predecessor of Montana’s “saving statute,” which provides that if an action is commenced within the applicable statute of limitations, and is thereafter terminated “in any other manner than by voluntary discontinuance,” the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such a termination. Section 27-2-407, MCA (emphasis added).
Tietjen is not dispositive of the tolling issue raised in this case, however. In the first place, Tietjen was neither a medical nor chiropractic malpractice case, but rather, was an action brought to recover the amount of a succession tax. Furthermore, Tietjen was decided in *251 1918, years prior to 1977 when the Montana Medical Legal Panel Act was enacted, and years prior to 1989, when the Montana Chiropractic Legal Panel Act was enacted, each Act with its respective tolling provisions. Sections 27-6-702 and 27-12-701, MCA. The same is true of the predecessor to § 27-2-407, MCA, which was originally enacted in the 1870s.
Accordingly, neither the statute nor our decision could have accounted for the tolling provisions of the Panel Acts. While Tietjen correctly applied the “saving statute” to the facts at issue in that case, given the legislature’s enactment years later of specific tolling provisions uniquely applicable to medical and chiropractic malpractice cases pending before the malpractice panels, we conclude that neither § 27-2-407, MCA, nor our decision in Tietjen, is controlling based on the facts here. Rather, §§ 27-6-702 and 27-12-701, MCA, specifically provide for tolling while a claim is pending before the respective panels, and it is those statutes which must be given controlling effect in a medical or chiropractic malpractice case where, as in the instant case, the facts implicate both the statute of repose, § 27-2-205, MCA, and the panel tolling statutes.
Applying the panel tolling statutes compels the conclusion that, in a medical or chiropractic malpractice case, if a plaintiff’s first complaint was timely filed but is voluntarily dismissed while the case is pending before a malpractice panel in proceedings which name the original defendants as necessary parties, §§ 27-2-702 and 27-12-701, MCA, provide, as to those originally named defendants, a continuous tolling “bridge” between the first complaint and the subsequently filed complaint, assuming the latter is timely filed under the Panel Acts and names the original defendants.
Furthermore, Montana’s “saving statute” does not address the situation that presents itself in this case in which Webb’s cause of action was tolled by a separate action filed before the dismissal of the original suit. When the second action is filed prior to dismissal of the original suit, we hold that the commenced action continues to pend, and so long as the second forum has jurisdiction over the action the statute of limitations remains tolled, even after the voluntary discontinuance of the first action. Only by allowing and encouraging consolidation of actions in this manner can the objectives of avoiding duplication and unnecessary expense (which are recognized in both the Montana Medical Legal Panel Act at § 27-6-702, MCA, and the Chiropractic Legal Panel Act at § 27-12-701, MCA) be accomplished.
*252 A similar situation was addressed by the Fourth Circuit Court of Appeals in Louisiana in Levy v. Stelly (La. App. 1973), 277 So. 2d 194. In Levy, the plaintiff filed suit in state court on September 27, 1967, within one year of his January 1967 accident, as required by the Louisiana statute of limitations. While the state court action was pending, he filed a second suit in federal district court on November 22, 1968, more than one year from the date of his accident. The state court action was dismissed without prejudice in January 1972, and the plaintiff refiled in state court on March 17, 1972. The state trial court, however, dismissed the second action as barred by the applicable one-year statute of limitations.
On appeal, the plaintiff contended that the original state court action tolled the statute of limitations, and therefore, that the subsequent suit in federal court, filed while the first case was pending, was timely. The plaintiff also asserted that, because the statute of limitations remained tolled while the federal action was pending, the second state court action was not barred by the statute of limitations. The defendants, however, maintained that the first tolling period had been nullified by the dismissal of the first state court action, and therefore, that the statute of limitations had run prior to the date on which the plaintiff filed the federal court suit. The defendants relied on a Louisiana statute, La. Civ. Code Ann. art. 3519, which provided:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the [tolling of the statute of limitations] is considered as never having happened.
The Louisiana Court of Appeals, however, construed the statute to apply only to suits filed after a plaintiff abandoned, voluntarily dismissed, or failed to prosecute his case; in the situation where a plaintiff had filed a second suit prior to that abandonment, the court held that the statute was continuously tolled. Levy, 277 So. 2d at 195-96.
In effect, Louisiana’s statute, La. Civ. Code Ann. art. 3519, parallels our prior interpretation of Montana’s “saving statute,” in Tietjen, 171 P. 928, where this Court held that when an action is voluntarily dismissed prior to the commencement of a second action, the first action did not toll the statute of limitations. Therefore, we conclude that the language and reasoning of Levy and its progeny are persuasive. See Tug Alamo, Inc. v. Electronic Service, Inc. (La. App. 1973), 275 So. 2d 419; Pfiffner v. Correa (La. App. 1994), 640 So. 2d 281, rev’d on other grounds (La. 1994), 643 So. 2d 1228.
*253 We note also that Levy’s holding was recently affirmed in the medical malpractice context by Pfiffner, 640 So. 2d 281, in which the Fourth Circuit Court of Appeals in Louisiana held that:
A second suit which was filed after the original suit was dismissed or abandoned is considered as never having been filed and prescription[1] is applicable. To the contrary, a second suit filed before the original suit was abandoned or dismissed interrupts prescription.....If the second suit is filed prior to abandonment of the first suit, the interruption provided by the first suit continues until the second suit is filed and interruption continues after the suit is dismissed because the second suit is pending.
Pfiffner, 640 So. 2d at 285 (citations omitted; emphasis added).
Contrary to the concerns expressed in the dissenting and concurring opinions, we are not adopting Louisiana law. We are merely citing the Levy and Pfiffner decisions as examples of what has been done in one other jurisdiction under similar circumstances. Furthermore, whether the source of Louisiana law is the Napoleonic Code or the Code of Hammurabi is really irrelevant. The fact is that Louisiana has 183 years of case law which interprets its statutes and which is as valid for purposes of persuasion as the case law of any other jurisdiction within the United States. Furthermore, we have not hesitated in the past to cite authority from Louisiana where we felt that the decisions of that state’s courts were persuasive. The Montana Supreme Court has relied on Louisiana case law no fewer than sixty-six times since 1945. The Court has, in fact, relied heavily on Louisiana case law in several instances. See, e.g., Patton v. Madison County (1994), 265 Mont. 362, 368, 877 P.2d 993, 996 (holding that a Louisiana Supreme Court case “is instructive as to the rationale for not extending standing rights to those persons not a part of the subdivision,” and quoting extensively from that case); Iowa Mutual Ins. Co. v. Davis (1988), 231 Mont. 166, 171-72, 752 P.2d 166, 170 (holding that a Louisiana Second Circuit Court of Appeals decision was “persuasive” on the issue of whether mandatory liability insurance protection prohibits the exclusion of named drivers from coverage under a motor vehicle liability policy); In re Estate of McLaughlin (1969), 154 Mont. 318, 321-22; 462 P.2d 882, 884-85; and Interstate *254 Mfg. Co. v. Interstate Products Co. (1965), 146 Mont. 449, 454, 408 P.2d 478, 481.
We conclude that based on the facts in this case, all of the objectives of the statute of repose have been accomplished. Webb’s original application was filed within five years from the date which respondents contend was her “date of injury,” and therefore, within the time period the Legislature has deemed reasonable. Upon receipt of that application, the panel director notified respondents of Webb’s claim. See § 27-6-305, MCA. Webb’s application or complaint has been, at all times since that date, pending before a tribunal with authority to entertain her claim, and in a manner that tolled the statute of limitation and repose. Webb’s summons and complaint were served within three years from the date on which the original timely complaint was filed, and the respondents demonstrate no prejudice from the chronology of events. To require more would elevate form over substance.
We therefore hold that Webb commenced this action within five years from the date of her injury, as required by § 27-2-205, MCA. We further hold that the statute of limitations was thereafter continuously tolled, and therefore, that the District Court erred when it granted respondents’ motions for summary judgment. Because we hold that Webb’s complaint is not barred by the five-year statute of repose found at § 27-2-205, MCA, we reverse the District Court’s order and remand for further proceedings.
JUSTICES NELSON, HUNT and LEAPHART concur.

. In Louisiana, the term "prescription” “is very nearly equivalent to what is elsewhere expressed by ‘limitation of actions,’ or rather, the ‘bar of the statute of limitations.’ ” Black’s Law Dictionary 11183 (6th ed.1990).